OPINION OF THE COURT
Jasen, J.
The novel question posed by this appeal is whether, for purposes of CPLR 202, plaintiffs causes of action for personal injury accrued in the jurisdiction in which he was injured or *587 in the jurisdiction in which the vehicle alleged to have caused the injury was delivered.
Plaintiff, a resident of the District of Columbia, was injured in Arlington, Virginia, on June 7, 1968, at the warehouse of his employer, Western Electric, when a forklift truck he was operating allegedly malfunctioned, throwing him from the vehicle. The forklift was manufactured by defendant Raymond, a corporation with its principal place of business in Greene, New York, and sold to Western Electric on June 26, 1967 "f.o.b. Greene, New York” through defendant Dierck, a distributor with its principal place of business in New York City.
Alleging causes of action in negligence and breach of warranty against both defendants, plaintiff commenced the present action against Dierck on May 21, 1971, and against Raymond on June 25, 1971. Defendants moved for summary judgment, contending that pursuant to CPLR 202—our "borrowing” statute—New York must apply the Virginia Statute of Limitations, which provides "every action for personal injuries * * * shall be brought within two years next after the right to bring the same shall have accrued.” (Va Code [1950], § 8-24.) Defendants maintained that the causes of action for breach of warranty and negligence accrued without the State on May 6, 1969, the date of plaintiff’s 21st birthday, and were, therefore, barred by Virginia’s two-year Statute of Limitations.
Applying CPLR 202, Special Term held that the negligence causes of action "accrued”, for purposes of the borrowing statute, in Virginia—the place of the injury—rather than in New York—the place of manufacture and delivery. As to the breach of warranty causes of action, however, the court held that these causes of action "accrued” in New York. Consequently, since the court found the breach of warranty causes of action to have "accrued” in New York, Special Term held the borrowing statute inapplicable and plaintiff’s complaint timely under New York’s four-year Statute of Limitations for breach of warranty.
Although having concluded that the negligence causes of action "accrued” in Virginia and, therefore, that Virginia’s two-year Statute of Limitations governed plaintiff’s claim, Special Term denied defendants’ motion for summary judgment in its entirety, finding that factual issues existed as to whether Virginia’s Statute of Limitations was tolled due to *588 plaintiff’s alleged inability to obtain jurisdiction over the defendants in Virginia.
On appeal, the Appellate Division reversed and granted defendants’ motions for summary judgment, holding that, for purposes of the borrowing statute, plaintiff’s breach of warranty, as well as negligence, causes of action "accrued” in Virginia, the jurisdiction which it believed had the greater interest in the litigation. In regard to the tolling of Virginia’s Statute of Limitations, the Appellate Division, finding that no question of fact existed, concluded that both defendants were amenable to jurisdiction in Virginia.
We hold that, for purposes of the "borrowing statute”, the negligence causes of action as well as the cause of action which plaintiff has labeled "breach of warranty” accrued in Virginia, and are therefore barred by Virginia’s two-year Statute of Limitations.
Viewed as pertaining to the remedy rather than the right, Statutes of Limitations have traditionally been characterized as procedural. (1943 Report of NY Law Rev Comm, p 143; Goodrich, Conflict of Laws [3d ed], § 85; Weintraub, Commentary on the Conflict of Laws 48.) Since under common-law rules matters of procedure are governed by the law of the forum, it has generally been held that the Statute of Limitations of the forum rather than that of the jurisdiction where the cause of action accrued governs the timeliness of a cause of action. (Leflar, American Conflicts Law, § 127.) To temper the rigid application of this rule, most States have enacted "borrowing” statutes which, although varying from State to State, "borrow” the foreign Statute of Limitations of the jurisdiction in which the defendant or both parties resided or the jurisdiction in which the cause of action accrued, if to do so would bar the plaintiff’s cause of action. (Leflar, American Conflicts Law, § 128; see, generally, Restatement, Conflict of Laws [2d], § 142, Comment f; Ester, Borrowing Statutes of Limitation and Conflict of Laws, 15 U Fla L Rev 33; Vernon, Statutes of Limitations in the Conflict of Laws: Borrowing Statutes, 32 Rocky Mt L Rev 287; Milhollin, Interest Analysis and Conflicts Between Statutes of Limitation, 27 Hastings LJ 1, 25-45.)
New York’s version of the borrowing statute, CPLR 202, provides: "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place *589 without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.” (Emphasis added.) Critical to the application of the borrowing statute is the determination of the jurisdiction in which a cause of action "accrues”. Before this determination can be made, however, it is necessary to characterize correctly the plaintiffs cause of action. Although denominated as a breach of warranty cause of action, plaintiffs claim in this case, in addition to his negligence claim, is in reality one in strict products liability. (See Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 401-402.) Consequently, it is the jurisdiction in which plaintiffs strict products liability causes of action, as well as negligence causes of action, accrued that must be ascertained for purposes of applying the borrowing statute.
In reaching this conclusion, we observe that a cause of action for breach of warranty is a contractual remedy—a remedy which seeks to provide the parties with the benefit of their bargain. It is, in essence, a remedy designed to enforce the agreement, express or implied, of the parties and to place them, should one of the parties fail to perform in accordance with the agreement, in the same position they would have been had the agreement been performed. (See Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 401, supra; Wade, Is Section 402A of the Second Restatement of Torts Preempted by the UCC and Therefore Unconstitutional, 42 Tenn L Rev 123, 127.)
On the other hand, a cause of action for negligence or for strict products liability seeks to provide a remedy for an individual injured because of another’s violation of an obligation imposed not by contract, but by law. It does not attempt to afford the injured party the benefit of any bargain, but rather endeavors to place him in the position he occupied prior to his injury. In other words, negligence and strict products liability causes of action seek to make the injured party "whole”. (See Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 401, supra; Prosser, Torts [4th ed], § 92, p 613; Wade, Is Section 402A of the Second Restatement of Torts Preempted by the UCC and Therefore Unconstitutional, 42 Tenn L Rev 123, 127.)
 Consequently, a plaintiff who is not in privity with the seller of the product which is alleged to have caused his injury possesses a cause of action in negligence or strict products *590 liability as opposed to what has often been incorrectly labeled breach of warranty. In this regard, we have stated on a previous occasion: "Whatever may have been earlier doubt and confusion, the authorities are now in general agreement that strict products liability sounds in tort rather than in contract. 'It has been said over and over again that this warranty—if that is the name for it—is not the old sales warranty, it is not the warranty covered by the Uniform Sales Act or the Uniform Commercial Code. It is not a warranty of the seller to the buyer at all, but it is something separate and distinct which sounds in tort exclusively, and not at all in contract; which exists apart from any contract between the parties; and which makes for strict liability in tort.’ ” (Victor-son v Bock Laundry Mach. Co., 37 NY2d 395, 402, supra, quoting Prosser, Spectacular Change: Products Liability in General, 36 Cleveland Bar Assn J 167-168.)
The effect of the rule in the Victorson case (supra) and the analysis in this case is not to raise again the "citadel of privity”. On the contrary, the rule announced in that case and the analysis in the present case manifests the flowering in New York of the doctrine of strict products liability making unnecessary the distortions previously required to permit injured plaintiffs to recover from those who put defective products into the stream of commerce. The doctrine was presaged long before the Victorson case. (E.g., Goldberg v Kollsman Instrument Corp., 12 NY2d 432, 436-437; Codling v Paglia, 32 NY2d 330; Restatement, Torts 2d, § 402A.) It was followed in Micallef v Miehle Co. (39 NY2d 376). Removal of the distortions prevents the all but inconceivable result reached in Mendel v Pittsburgh Plate Glass Co. (25 NY2d 340), overruled in Victorson v Bock Laundry Mach. Co. (37 NY2d 395, supra)—a result that could follow if the breach of warranty action in this case is viewed as having accrued in New York before the plaintiff had been injured, and therefore before he had a cause of action. The point of all this is that strict products liability displaces the need for a "warranty” action by third parties. But if a third party chooses to sue in "warranty”, thus restricting the scope of the damages he may recover (cf. Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389), he may not nevertheless by asserting that the cause of action arose at the time of the manufacturer’s tender of delivery contend that his cause of action "accrued” before in fact it had.
*591 Moreover, CPLR 202 antedates the latest development of strict products liability doctrine as it antedates the Uniform Commercial Code. When it speaks of "accrual” of a cause of action, it must logically refer to a cause of action upon which a lawsuit may be brought, even if damages could not be fully assessed until later. That plaintiff Martin could have sued defendants before he was employed on the Virginia project by his employer, let alone before he was injured, makes no sense in law or justice. If a true breach of warranty action accrued to him on the delivery f.o.b., New York of the defective forklift, he could have sued then and there in New York.
But assuming that plaintiff may sue in breach of warranty in contract, it still is true that his cause of action accrued only when he was injured in Virginia. To hold otherwise is to repeat the now overruled holding in Mendel v Pittsburgh Plate Glass Co. (25 NY2d 340, supra), a rule that would have barred a plaintiff’s cause of action before it ever came into existence.
The dissenters refer to section 2-318 of the Uniform Commercial Code as amended. They agree the critical amendment of that section was enacted after the operative events here and thus is inapplicable to the core issue in this case. We therefore view unnecessary further discussion of this section except to note the likelihood of disagreement as to its effect should a case arise in which its applicability may properly be considered.
In the present case, plaintiff, a resident of the District of Columbia, was injured in Virginia during the course of his employment. Defendants, the manufacturer (Raymond) and distributor (Dierck) of the allegedly malfunctioning forklift, both are corporations with their principal places of business in New York. No contract of sale, without more, made between plaintiff’s employer and the manufacturer and distributor of the forklift could create any liability to plaintiff. (See Victor-son v Bock Laundry Mach Co., 37 NY2d 395, 402-403, supra.) Plaintiff possessed no cause of action, in tort or in contract, any where in the world until he was injured in Virginia. (See Mendel v Pittsburgh Plate Glass Co., 25 NY2d 340, 348 [dissenting opn], overruled in Victorson v Bock Laundry Mach. Co., 37 NY2d 395, supra.)
Consequently, for purposes of the borrowing statute, CPLR 202, plaintiff’s causes of action in negligence and strict products liability accrued in Virginia, the place of the injury. *592 Since Virginia would apply a two-year Statute of Limitations to plaintiff’s causes of action (see Caudill v Wise Rambler, 210 Va 11; Sides v Richard Mach. Works, 406 F2d 445; Tyler v Street & Co., 322 F Supp 541), we hold that they are untimely.
In barring plaintiffs causes of action, we observe that no expectation interest of the nonresident plaintiff is frustrated by application of the Virginia Statute of Limitations. Defendants and plaintiff’s employer, Western Electric, entered into the contract of sale for the forklift intending the vehicle to be used in Virginia. In fact, it was extensively used at Western Electric’s warehouse for a year prior to the accident. As the Appellate Division aptly observed: "The life’ of the forklift in [New York] was limited to a dormant and transitory interval between its manufacture and shipment to its ultimate destination in Arlington, Virginia.” (52 AD2d 463, 467.) On these facts, plaintiff cannot express surprise at the application of Virginia’s Statute of Limitations.
The question remains, however, whether Virginia’s Statute of Limitations was tolled because of the inability of plaintiff to secure jurisdiction over defendants in Virginia. In this regard, we find it unnecessary to decide whether defendants engaged in a "persistent course of conduct” or derived "substantial revenue from goods used or consumed or services rendered in [Virginia]”, thus rendering themselves amenable to jurisdiction under Virginia’s long-arm statute. (Va Code [1950], § 8-81.2.) Section 8-33 of the Virginia Code, the tolling provision applicable in the present case, provided for the tolling of the Statute of Limitations during the absence of a defendant from Virginia only if the defendant had resided in Virginia before the cause of action accrued against him.* Since defendants were not residents of Virginia before plaintiff’s cause of action accrued against them, Virginia’s two-year Statute of Limitations could not have been tolled. Not having been residents prior to the accrual of plaintiff’s causes of action, defendants’ absence from Virginia is irrelevant. Consequently, plaintiff’s causes of action for negligence and strict products liability are untimely.
Accordingly, the order of the Appellate Division should be affirmed, with costs.

 Virginia’s present tolling provision, section 8.01-229, no longer requires a defendant’s residency in Virginia before accrual of a cause of action to toll the Statute of Limitations during a defendant’s absence from Virginia. (1977 Va Acts, ch 617, eff Oct. 1, 1977.)