**ANGLO EASTERN BULKSHIPS LIMITED and Anglo Nordic Shipping Limited, Plaintiffs,**

v.

**AMERON, INC., Defendant.**

**No. 77 Civ. 5233 (HFW).**

United States District Court, S. D. New York.

Nov. 29, 1978.

Walker & Corsa, New York City, for plaintiffs; John R. Geraghty, New York City, of counsel.

Bigham Englar Jones & Houston, New York City, for defendant; George F. Chandler, III, New York City, of counsel.

## MEMORANDUM

WERKER, District Judge.

Defendant Ameron, Inc. ("Ameron") presently moves pursuant to S.D.N.Y. General Rule 9(m) for reargument of its motion to dismiss the complaint, which was denied in part by the court on August 3, 1978. After having reconsidered all of the issues raised herein and after having weighed all of the parties' contentions, the court finds no reason for overturning its decision.

Only one new case has been cited by Ameron on this motion for reargument, and that case, *Martin v. Julius Dierck Equipment Co.,* 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978), is not supportive of Ameron's motion. The New York Court of Appeals in *Martin* recognized that the particular label given an action by a plaintiff is insignificant. For purposes of applying the New York borrowing statute, the court looked instead at the nature of the relief sought and noted that the essence of a

cause of action for negligence or strict products liability is the making of the injured party whole, while the purpose of a contract cause of action is the placing of the parties in the same position they would have been in had the contract been performed. 43 N.Y.2d at 589, 403 N.Y.S.2d at 188, 374 N.E.2d at 100.

In the instant suit, it is evident the plaintiffs are seeking to be made whole rather than to obtain the benefit of the bargain. The complaint alleges—and the allegations of the complaint must, of course, be taken as being true for purposes of this motion—that Ameron negligently and improperly developed and tested the coating products in question, that Ameron negligently and improperly issued suitability lists and data sheets, and that Ameron negligently and improperly supervised and controlled the application of the coatings to the vessels' tanks. Consequently, the plaintiffs claim damages for depreciation in the value of the vessels, for loss of their use, and for expenses incurred in attempting to cure defects in work performed and materials supplied. Hence, whether this action is labelled one for negligence, strict liability in tort, or breach of implied warranty sounding in tort,[1] there can be no doubt that the cause of action is one for the redress of a tort. Cf. *Martin v. Julius Dierck Equipment Co.*, 52 A.D.2d 463, 466–67, 384 N.Y. S.2d 479, 482 (2d Dept. 1976), *aff'd*, 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978). The "locality-plus" rule is therefore the appropriate standard to apply in resolving the issue of admiralty jurisdiction. *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); *Kelly v. United States*, 531 F.2d 1144, 1146 (2d Cir. 1976).

As the court stated in its prior opinion, it does not read the complaint as drafted herein as asserting a contract claim. However, because the use of the words "express warranty" in the complaint has been misleading, it would perhaps be best to delete them. Accordingly, the words "express warranty" are hereby deemed stricken from the complaint.

In all other respects, Ameron's motion is denied, as is its request for certification of this order pursuant to 28 U.S.C. § 1292(b). The parties are hereby directed to develop within thirty days of this decision a discovery schedule with respect to documents and depositions and to inform the court in writing of that schedule.

SO ORDERED.

---

1. A breach of implied warranty claim has been recognized in admiralty as sounding in tort. *E. g., Sears, Roebuck & Co. v. American President Lines, Ltd.*, 345 F.Supp. 395, 401–02 (N.D.Cal. 1971); *Ohio Barge Line, Inc. v. Dravo Corp.*, 326 F.Supp. 863, 866 (W.D.Pa.1971); *Montgomery v. Goodyear Tire & Rubber Co.*, 231 F.Supp. 447, 453–54 (S.D.N.Y.1964); *Middleton v. United Aircraft Corp.*, 204 F.Supp. 856, 857 (S.D.N.Y.1960). *See also Jig the Third Corp. v. Puritan Marine Insurance Underwriters Corp.*, 519 F.2d 171 (5th Cir. 1975), *cert. denied*, 424 U.S. 954, 96 S.Ct. 1429, 47 L.Ed.2d 360 (1976). *Cf. Streatch v. Associated Containers Transportation, Ltd.*, 388 F.Supp. 935, 938 (C.D.Cal. 1975) (claim for improper manufacture or design of marine product is more properly characterized as a claim based on strict liability in tort than breach of implied warranty for purposes of determining admiralty jurisdiction).