752

■ VELMA MACK, Respondent, v CLAIROL, INC., Appellant, et al., Defendant.—Order of the Supreme Court, Bronx County, entered November 18, 1977, which denied appellant's motion to dismiss, as time barred, the cause of action alleging breach of warranty and granted plaintiff's motion to amend the complaint to assert a cause of action in strict products liability, unanimously reversed, on the law, without costs or disbursements, and the motion to dismiss the cause of action for breach of warranty is granted and the motion to amend the complaint denied. Plaintiff seeks to recover damages for personal injuries allegedly sustained from the use of a hair coloring product she claims was defective. In her complaint, consisting of a single cause of action, alleging breach of implied warranty of fitness for use, plaintiff avers that appellant manufactured and distributed the product which she purchased from a retail store (S. S. Kresge Company) on May 17, 1973. She applied the product the same day and, as a result, suffered the injuries. On May 13, 1977, just short of the four-year Statute of Limitations provided in section 2-725 of the Uniform Commercial Code (Statute of Limitations in contracts for sale), plaintiff served the summons and complaint upon appellant. Special Term erred in refusing to dismiss the complaint as time-barred by the three-year Statute of Limitations (CPLR 214, subd 5) and in granting permission to amend the complaint to include a cause of action for strict products liability. In assessing the issue of which Statute of Limitations to apply, the court must look to the substance rather than the form of the pleading (Brick v Cohn-Hall-Marx Co., 276 NY 259, 264). The cause of action in the complaint, although alleging breach of implied warranty is, in reality, one in strict products liability. This conclusion is mandated by the holding in Martin v Dierck Equip. Co. (43 NY2d 583). In that case, as in the one at bar, plaintiff was injured by a product purchased from a manufacturer with whom plaintiff had no privity.[1] Such plaintiff "possesses a cause of action in negligence or strict liability as opposed to what has often been incorrectly labeled breach of warranty".[2] (Martin v Dierck Equip. Co., supra, pp 589-590.) Strict products liability "sounds in tort exclusively, and not at all in contract" (Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 402). The Statute of Limitations as to such cause of action is the three-year period applicable to negligence actions, found in CPLR 214 (subd 5) Victorson v Bock Laundry Mach. Co., supra, pp 399-400) and runs from the date of the injury (Victorson v Bock Laundry Mach. Co., supra, p 399). It is not the "four-years-from-time-of-sale statute" (Uniform Commercial Code, § 2-725) which plaintiff claims (Victorson v Bock Laundry Mach. Co., supra, pp 404-405, concurring opn, Fuchsberg, J.). Accordingly, the cause of action set forth in the complaint should have been dismissed as time barred. So, too, the additional cause of action, in strict products liability, which plaintiff seeks to assert by amendment to the complaint, is barred by the Statute of Limitations. Such cause of action

1. Privity between litigants would not, however, preclude a person who sustains personal injuries or property damage from possessing a cause of action in strict products liability in an appropriate case (see Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389).

2. The claim here arose prior to the effective date of section 2-318 of the Uniform Commercial Code (L 1975, ch 774, § 1). We do not express any view as to whether plaintiff would have had a cause of action against appellant for breach of warranty and what the applicable Statute of Limitations would have been, if the claim had originated after the effective date of that section (cf. Martin v Dierck Equip. Co., supra, p 595, dissenting opn).

was already time barred when the summons and complaint were served upon appellant. (See *Victorson v Bock Laundry Mach. Co., supra,* pp 399-400.) Hence, the amendment should not have been permitted (see *Trybus v Nipark Realty Corp.,* 26 AD2d 563). Concur—Birns, J. P., Sandler, Sullivan and Silverman, JJ.