OPINION OF THE COURT
Rudolph U. Johnson, J.
Defendant, the Drackett Products Company (Drackett), by notice of motion seeks an order for partial summary judgment pursuant to CPLR 3212, dismissing the plaintiff, Grace Martin’s, third cause of action as alleged in her verified complaint. That cause of action is formulated upon a theory of a breach of an implied or express warranty of merchantability. It is admitted that defendant is engaged in the distribution and sale of a product known as "Liquid Drano”, which product plaintiff alleges caused her physical injury.
Defendant’s motion is prompted by the recent analysis of the Court of Appeals in Martin v Dierck Equip. Co. (43 NY2d 583) wherein the court reviewed the distinction between the contractual remedy of a cause of action for breach of warranty and the remedy provided a cause of action based in negligence or strict products liability.
In Martin the Court of Appeals reiterated that a cause of action for breach of warranty is a contractual remedy seeking the benefit of a bargained for warranty and consequently requires a finding of privity with the seller of the offending product.
The plaintiff in her statement in reply to a notice to admit has, in fact, admitted that, although she was a purchaser of "Liquid Drano”, she did not purchase the product from the defendant. Defendant, therefore, contends that plaintiff is unable to maintain her third cause of action for want of privity with defendant and that this court, under the mandate of Martin, must now conclude that no such cause of action exists.
Plaintiff, however, argues that Martin is not controlling in the instant case as it, and all other appellate decisions to date, deal with causes of action accruing prior to September 1, 1975, the effective date of the amendment to section 2-318 of the Uniform Commercial Code. This amendment, plaintiff argues, is expansive in nature and removes the last of "the privity barriers”.
Prior to September 1, 1975 the statute read: "A seller’s *730 warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.”
The subsequent amendment deleted the phrase "who is in the family or household of his buyer or who is a guest in his home”, thus removing an otherwise easily discernible beneficiary to the seller’s warranty.
It now falls to this court to interpret the effect of this amendment. In doing so, we are mindful of the majority’s pronouncement in Martin (p 591): "The dissenters refer to section 2-318 of the Uniform Commercial Code as amended. They agree the critical amendment of that section was enacted after the operative events here and thus is inapplicable to the core issue in this case. We therefore view unnecessary further discussion of this section except to note the likelihood of disagreement as to its effect should a case arise in which its applicability may properly be considered.” (Emphasis added.)
The dissenters had stated (pp 595-596):
"Although section 2-318 of the Uniform Commercial Code is not specifically applicable to this case since the cause of action accrued prior to the effective date of the amendment, I would nonetheless apply the principles inherent in the statute, and especially its obvious purpose of removing the privity barrier. It would seem rather incongruous at this late date for this court to act to reconstruct those very barriers which we have previously dismantled (see, e.g., Codling v Paglia, 32 NY2d 330, supra), and at a time when the Legislature has enunciated public policy and has so plainly indicated its approval of the direction of our earlier decisions. * * *
"The majority of the court today apparently disregards the fact that by amending section 2-318 the Legislature has in large part eliminated the privity barrier to a traditional breach of warranty action on behalf of an injured person who is not a direct party to the sales contract; and apparently finds no inconsistency between this legislative death blow to privity and today’s decision to resurrect that concept.” (Emphasis added.)
This court, accordingly, believes that it is compelled to apply a strict, indeed, constricted interpretation to the amended statute.
*731 The statute, as originally enacted, was an apparent legislative recognition that those sellers, be they manufacturer, distributor, wholesaler or retailer, who placed a product into the distributive chain of commerce may incur liability for a breach of warranty resulting in injury to the buyer or other designated persons. It appears to us that those persons, as designated within the statute, were not in the direct vertical line of distribution from manufacturer to ultimate retail purchaser, but rather, were on a horizontal line of persons other than the purchaser who might be expected to "use, consume or be affected” by the product. For these injured persons a contractual remedy was statutorily afforded despite the lack of contractual privity.
However, under further analysis the Legislature has apparently recognized an area of possible abuse and has set out to close that gap.
Official Comment No. 3 to section 2-318 of the Uniform Commercial Code notes: "This section expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller’s warranties, given to his buyer who resells, extend to other persons in the distributive chain.” (Emphasis added.)
Anderson, in his treatise on the Uniform Commercial Code (2d ed) further explains (vol 1, p 732):
"§ 2-318:6. Effect upon requirement of privity contract.
"UCC § 2-318 is not a general regulation of the subject of privity.
"In those jurisdictions in which privity of contract had been retained as a limitation upon warranty liability, the effect of UCC § 2-318 is to abolish that rule to the extent specified by that section and to permit the persons named in that section to bring suit for breach of warranty although not in privity with the person sued. In jurisdictions in which the concept of privity had been abandoned, adherence to the scope of UCC § 2-318 would constitute a contraction of the prior law as where under that law it was held that a warranty ran to 'all persons for whom * * * [the product] is intended.” ’
As stressed in Martin, privity has not been abandoned in New York. Therefore, it seems reasonable to surmise that the Legislature’s removal of certain designated beneficiaries was *732 intended not as the final dissolution of privity but only to remove the possibility of an unintended, if not in fact, unfair statutory application.
Under the original statute it was possible to hold a seller liable for a breach of an expressed or implied warranty, resulting in an injury to a person for whom the seller never intended his product nor would have expected his product to be used or consumed. For example, as applied to the product in question, we would not expect an infant to put "Liquid Drano” to its intended use. Yet, if that infant were within the buyer’s family or household, the the warranty would apply without exclusion or limitation.
As now amended the statute would not so include an infant as a beneficiary as "it is [not] reasonable to expect that such person may use, consume or be affected by the goods”. (We do not here address the tangent issue of foreseeable presence at the scene of an accident and the corresponding duty of the seller/manufacturer to produce a product which, when used as intended, would not injure one lawfully at the place of use.)
The amendment is thus both contractive, in its deletion of the absolute waiver of privity barriers for certain designated persons, and expansive, in its redefinition of the extension of horizontal privity.
In so holding, we do not mean to imply a legislative intent to lessen the seller’s responsibility as he directs his product into the distributive chain of commerce. In fact, a greater burden appears to be placed on the seller who must now determine the ultimate consumer of his product and remains liable to that consumer for any breach of warranty even though that consumer might not have been a direct vertical party to the sales contract.
As expressed in Rogers v Toni Home Permanent Co. (167 Ohio St 244): "Under modern merchandising practices where the manufacturer of a product in his advertising makes representations as to the quality and merit of his product aimed directly at the ultimate consumer and urges the latter to purchase the product from a retailer, and such ultimate consumer does so in reliance on and pursuant to the inducements of the manufacturer and suffers harm in the use of such product by reason of deleterious ingredients therein, such ultimate consumer may maintain an action for damages immediately against the manufacturer on the basis of express *733 warranty, notwithstanding that there is no direct contractual relationship between them.”
For these reasons we cannot agree with plaintiffs overly broad interpretation of the effect of this amendment. Nor, however, can we agree with defendant’s constrictive interpretation of the Court of Appeals ruling in Martin. The court there was not reconstructing privity to only those instances of direct contact between seller and purchaser, but simply insisting on an appropriate delineation of contract warranty and tortious strict products liability.
Therefore, as between persons within a vertical chain of commercial distribution and those within horizontal privity to the purchaser, as defined in section 2-318, there is the protection of the seller’s warranty. This then would include plaintiff, Grace Martin, the purchaser and ultimate consumer of the allegedly offending "Liquid Drano”.
The defendant’s motion for partial summary judgment is, accordingly, denied and plaintiff is directed to forward an order in conformance with this decision.