OPINION OF THE COURT
Sebastian Leone, J.
In this action by an injured employee of a purchaser of a machine containing an alleged defective part that was sold to the manufacturer of the machine, the seller of the part, *469 defendant Acme-Cleveland Corp., named herein as National Acme-Cleveland Co. (Acme), moves to dismiss that part of plaintiffs fourth cause of action and the entire fifth cause of action as predicates the liability of Acme on the doctrine of breach of warranty.
Acme urges upon the court, in support of its motion, the recent decision of the Court of Appeals in Martin v Dierck Equip. Co. (43 NY2d 583) as interpreted by Mr. Justice DiFede, Supreme Court, Bronx County, in Ramos v Gulf & Western Inds. (NYLJ, July 3, 1979, p 11, col 1). It is to be noted that Judge Jasen in the prevailing opinion in the Martin case (supra, p 591) stated in reply to the dissenting Judges’ reference to section 2-318 of the Uniform Commercial Code that "They agree the critical amendment of that section was enacted after the operative events here and thus is inapplicable to the core issue in this case. We therefore view unnecessary further discussion of this section except to note the likelihood of disagreement as to its effect should a case arise in which its applicability may properly be considered.”
Mr. Justice DiFede in the Ramos case (supra) and Mr. Justice McCaffrey in Connar v General Motors (NYLJ, July 12, 1978, p 14, col 1 [not cited by Acme]) interpret the Martin case (supra) to hold that the breach of warranty cause of action is no longer available to a third-party consumer or user who lacks privity of contract. Though the Court of Appeals did not directly meet the challenge of the dissenting Judges nor declare section 2-318 of the Uniform Commercial Code of no further viability, the lower courts, by their respective holdings, in effect, frustrate the legislative intent of providing a remedy to an innocent victim of deleterious, dangerous and unfit goods. The user or consumer without privity of contract now must accept the judicially prescribed remedy of "strict products liability.” This court, sitting in original jurisdiction, will not annul a statute that has not been declared unconstitutional nor assume that the Court of Appeals intended to usurp the function of the Legislature by withdrawing the statutory remedy and substituting in its place one of judicial creation, of a new concept, namely, "strict products liability.”
The history of the Bar’s efforts and its frustrations in overcoming the old legal saw, "No privity of contract, no cause of action” is too well known for narration here. Often, the ruse that the purchaser of food acted as an agent for the consumer, who became violently ill, was not successful, partic *470 ularly where infant members of the purchaser’s family were involved. Because of the rigid adherence by our courts to the doctrine of privity of contract, the consumer public was effectively deprived of a remedy. Ultimately the Legislature recognized the evil and the sad plight of the innocent victim with no form of redress or available relief. In 1962 the Legislature enacted chapter 553 of the Laws of 1962, effective September 27, 1964.
Most noteworthy, the preamble to said chapter (Uniform Commercial Code, § 1-102, subd [1]) reads: "(1) This Act shall be liberally construed and applied to promote its underlying purposes and policies.”
Section 2-318 of the Uniform Commercial Code, as enacted in 1962, for the first time, stripped "privity of contract” of its sanctity and declared "A seller’s warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.”
Interestingly, official comment 2 to section 2-318 of the Uniform Commerical Code states: "2. The purpose of this section is to give the buyer’s family, household and guests the benefit of the same warranty which the buyer received in the contract of sale, thereby freeing any such beneficiaries from any technical rules as to 'privity’. It seeks to accomplish this purpose without any derogation of any right or remedy resting on negligence.”
By this enactment, the Legislature made no fine distinction between a breach of warranty, being "in essence, a remedy designed to enforce the agreement, express or implied, of the parties * * * [and the] cause of action for negligence or for strict products liability * * * [the] remedy for an individual injured because of another’s violation of an obligation imposed not by contract, but by law * * * [and] make the injured party 'whole’ ”, (Martin v Dierck Equip. Co., 43 NY2d 583, 589, supra.) The Legislature mandated a remedy to make the injured party "whole” under the doctrine of breach of warranty and barred "privity” as a defense.
In evaluating the beneficial results of this act, the Legislature in its wisdom enlarged the availablity of the remedy to include "any natural person”. (Uniform Commercial Code, § 2-318.) No longer was a breach of warranty cause of action *471 limited to members of a household or guest in his home. The bar of "privity” was completely eliminated as a defense to an action by "any natural person * * * [who] may use * * * the goods and who is injured in person by breach of the warranty.” (L 1975, ch 774.) Plaintiff employee user of the goods purchased by his employer is the statutorily designated "any natural person”.
Section 2-318 of the Uniform Commercial Code, as amended, was not in any manner declared unconstitutional nor of no further effect by the Court of Appeals in the Martin case (supra). It is therefore the duty of this court to obey the legislative mandate that "This Act shall be liberally construed and applied to promote its underlying purpose and policies.” (Uniform Commercial Code, § 1-102, subd [1].) The court may grant an additional remedy — a cause of action of strict products liability, but it may not arrogate unto itself the power to cancel and deny the statutory remedy to "any natural person” (Uniform Commercial Code, § 2-318) and substitute in place thereof the judicially created remedy of "strict products liability.” The legislative injunction against "A seller * * * not [to] exclude or limit the operation of this section” (Uniform Commercial Code, § 2-318) should be construed to apply not only to "A seller”, but also to the judiciary enjoining it from accepting a defense of "privity” and thereby permitting "A seller” to "exclude or limit the operation of this section.”
This court will hallow the maxims of statutory construction that "[t]he cardinal principle to be applied in the construction of statutes is to ascertain and give effect to the intention of the Legislature whenever possible” (Wilson v Board of Educ., 39 AD2d 965, 966, mod 32 NY2d 636) and that "A statutory enactment must be read in the light of its history and purpose * * * and that construction is to be preferred which furthers the object, spirit and purpose of the statute”. (Schuyler v South Mall Constructors, 32 AD2d 454, 455.)
Cognizant of the intention of the Legislature and reading the act "in the light of its history and purpose”, this court will further "the object, spirit and purpose of the statute” (Schuyler v South Mall Constructors, supra, p 455) by declaring the remedy of breach of warranty of contract available to this plaintiff, even though he lacks "privity” and is only an employee user (the "any natural person”) of the goods sold by defendant Acme.
Accordingly, Acme’s motion is in all respects denied.