*349 OPINION OF THE COURT
Martin B. Stecher, J.
The defendant Teledyne Readco previously moved for an order dismissing the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7). By order dated February 13, 1980, I elected to treat this motion as a motion for summary judgment and allow the parties time to submit additional papers. All papers have now been served and submitted.
This is an action for personal injury brought by an infant plaintiff against his father and against Teledyne, the manufacturer of a machine in which the infant plaintiffs hand was caught causing him severe injury. Teledyne, the moving defendant, built the machine in or about 1942 or 1943 for the United States Army in accordance with the army’s specifications for use in field kitchens during World War II. While the chain of ownership through which the machine went following its delivery to the army is not clear, the machine, a dough mixer, eventually found its way into the infant plaintiffs father’s pizza shop in The Bronx. The machine had undergone some modification prior to the accident in that it was converted from gasoline power to electric power; but there is no showing that this conversion was an alteration which contributed to the occurrence of the accident. Who modified the machine or caused it to be modified is unclear but Teledyne asserts that it did not and there is no evidence that Teledyne was involved in the alteration.
The plaintiff alleges the usual three theories of liability: negligence, breach of warranty and strict tort liability. Underlying all three causes of action is the contention that faulty design — the failure to guard against the likelihood of a person’s hand being inserted among the mixing blades — proximately caused the injury.
At the outset it should be clear that breach of warranty is not an available cause of action for there is no privity between the corporate defendant and the plaintiff (Martin v Dierck Equip. Co., 43 NY2d 583). However, all of the causes of action alleged appear to involve an issue which, I am told, has not been previously determined in any reported cases in this State: whether or not liability for faulty design may be imposed upon a manufacturer who supplies equipment to the United States Army, pursuant to its specifications, in time of war. In my view, as a matter of public policy, no such liability *350 may be imposed. It is not disputed that the defendant Teledyne manufactured the machine in accordance with such specifications. A supplier to the military in time of war has a right to rely upon such specifications and is not obligated to withhold from the United States armed forces material believed by the latter to be necessary because the manufacturer considers the design to be imprudent or even dangerous. His conformance, under such circumstances, to the specifications provided to him should be, and is, a complete defense to any action based upon design, whether faulty or not.
Challoner v Day & Zimmerman (512 F2d 77, revd and remanded 423 US 3) is not to the contrary, for it is clear that the jury had before it ample evidence from which it could conclude that the howitzer shell which exploded in Cambodia, injuring one American soldier and killing another, was not manufactured in accordance with specifications.
Courts in other jurisdictions have erected broader barriers to such suits than that enunciated here. In Illinois, denial of recovery was based on the theory of preserving tax revenues and lowering the prices of articles procured by governments. (Hunt v Blasius, 55 Ill App 3d 14, 18-21, affd 74 Ill 2d 203.)*
In New Jersey (Sanner v Ford Motor Co., 154 NJ Super 407, cert den 75 NJ 616) the Appellate Division of the Superior Court barred recovery for an injury alleged to have been caused by Ford’s failure to install seat belts in a jeep-style vehicle supplied to the United States Army by Ford pursuant to the army’s specifications. "[SJince defendant had no discretion with respect to the installation of seatbelts and since it strictly adhered to the plans and specifications owned and provided by the Government, Ford is protected from liability.” (Sonner v Ford Motor Co., supra, at p 409.) The Appellate Division emphasized that this doctrine is as applicable to strict liability causes of action as it is to negligence causes of action.
I see no need, in this case, to reach the immunities which may attach to government procurement for nonmilitary purposes or at times other than in time of war.
An order shall be entered dismissing all causes of action pleaded against the defendant Teledyne. The causes of action against the codefendant are severed and continued.

 The Supreme Court of Illinois, in affirming, did not rely on this theory.