OPINION OF THE COURT
Martin B. Stecher, J.
The plaintiffs seek leave to serve an amended complaint and for other relief.
Plaintiff Kathy Singer seeks damages for personal injuries allegedly sustained on April 1,1977 caused her by the use of a pair of shoes she asserts were defective and which were purchased at Bloomingdale’s on March 21,1977. Just short of three years thereafter, an action was begun against the retailer setting forth causes of action in negligence and for breach of warranty. Bloomingdale’s, in turn, brought a third-party action against the foreign manufac *782 turer of the shoes, Oomphies, Inc., and asserted claims in negligence, breach of warranty and strict products liability.
The proposed amended complaint seeks to assert a direct claim by the plaintiff against the third-party defendant manufacturer (see CPLR 1009) as well as the retailer and sets forth causes of action against both defendants for negligence, breach of warranty of fitness for use and strict products liability. The retailer opposes the amendment to the extent it seeks to plead strict products liability on the ground that such a cause of action is time barred. Strict products liability sounds in tort and the Statute of Limitations as to such cause of action is the three-year period applicable to negligence actions found in CPLR 214 (subd 5) and runs from the date of the injury (Victorson v Bock Laundry Mach. Co., 37 NY2d 395). However, since the negligence claim was timely commenced against the defendant, CPLR 203 (subd [e]) permits the assertion against it of an otherwise time-barred claim in an amended pleading, for the original pleading gave “notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading” (CPLR 203, subd [e]; cf. Trybus v Nipark Realty Corp., 26 AD2d 563). Those criteria are met here and therefore the cause of action in strict products liability against Bloomingdale’s may be pleaded.
The causes of action in negligence and in strict products liability which are sought to be asserted against the shoe manufacturer, Oomphies, are barred by the Statute of Limitations (see Victorson v Bock Laundry Mach. Co., supra) and amendment will not be permitted. CPLR 1009 does not serve to extend the Statute of Limitations (cf. McCabe v Queensboro Farm Prods., 15 AD2d 553; 2 Weinstein-Korn-Miller, NY Civ Prac, par 1009.01). Obviously, Bloomingdale’s letter to Oomphies in November, 1977 concerning plaintiff’s claim is not a pleading within the purview of CPLR 203 (subd [e]). The cause of action for breach of warranty which is sought to be asserted against the shoe manufacturer “is a contractual remedy — a remedy which seeks to provide the parties with the benefit of their bargain. It is, in essence, a remedy designed to *783 enforce the agreement, express or implied, of the parties and to place them, should one of the parties fail to perform in accordance with the agreement, in the same position they would have been had the agreement been performed. (See Victorson v Bock Laundry Mach. Co., 37 NY2d 395)”. (Martin v Dierck Equip. Co., 43 NY2d 583, 589.)
It is asserted that despite “[t]he crumbling of the citadel” of privity (Codling v Paglia, 32 NY2d 330, 338) privity remains an impregnable wall to the assertion of a claim for breach of warranty against a person not in contractual relationship to a plaintiff (Martin v Dierck Equip. Co., supra, pp 589, 590). The effect of section 2-318 of the Uniform Commercial Code on such issues was not considered in Martin (supra) for the simple reason that its amendment was enacted (L 1975, ch 774) after the operative events”.
The statute, however, was in effect at the time of the alleged purchase in this case, and consideration must therefore be given to its effect. The statute provides: “§ 2-318. Third Party Beneficiaries of Warranties Express or Implied. A seller’s warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.”
Prior to the 1975 amendment of the statute, its benefits by its express terms were limited to the purchaser or “any natural person who is in the family or household” of the buyer “or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.” It is obvious that the Legislature intended to extend the benefits of the section to persons other than family or household members or guests in the home of the buyer. Here, of course, there is no privity between the plaintiff and Oomphies. The action in tort against Oomphies being barred by a three-year Statute of Limitations (CPLR 214, subd 5), what is sought is to bring an action under the four-year Statute of Limitations of the sales act (Uniform Commercial Code, § 2-725). Thus, the circum *784 stances here are precisely the same circumstances as existed in Martin v Dierck Equip. Co. (43 NY2d 583, supra), except, of course, for the amendment of the statute.
Ordinarily, there should be no difficulty in determining that the plaintiff here by virtue of the amendment to section 2-318 of the Uniform Commercial Code is entitled to bring this action against the third-party defendant. In a rather unusual hint, however, the then majority of the Court of Appeals in Martin (supra) suggested that such relief might be inappropriate. The matter not being before that court no reasons were given. This induced an understandable policy of caution on the part of the Appellate Division, First Judicial Department, in Mack v Clairol, Inc. (69 AD2d 752), in which that court expressly declined to express an opinion on the issues before me today. I know of no other appellate case where the matter has been raised.
Two cases in which the issue has been presented to courts of original jurisdiction acre Atkinson v Ormont Mach. Co. (102 Misc 2d 468) and Martin v Drackett Produce Co. (100 Misc 2d 728). They came to contrary conclusions. In Martin v Drackett Produce Co. (supra) the Supreme Court', Erie County, continued to limit the application of section 2-318 of the Uniform Commerical Code in exactly the same fashion as the Court of Appeals had in Martin v Dierck Equip. Co. (supra). The court’s reasoning was based, in part, on an interpretation of Comment No. 3 to section 2-318. Such an application of the comment is questionable, however, in view of the fact that it appears to have preceded the 1975 amendment to the statute. In Atkinson, however, Mr. Justice Leone sitting in Special Term, Kings County, held that privity is no longer a bar to such an action by a remote user against the manufacturer. I concur in that view. The code (Uniform Commerical Code, § 1-102, subd [1]) requires the courts to construe the Uniform Commerical Code liberally. I find it difficult to reach any construction which is not mandated by the very clear words of the statute: “seller’s warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume, or be affected by the goods” (Uniform Commercial Code, § 2-318).
*785 Accordingly, the motion is granted to the extent of permitting the plaintiff to serve a supplemental summons joining Oomphies, Inc., as a direct defendant; pleading against the defendant Bloomingdale’s causes of action for negligence, breach of warranty and strict products liability; and pleading against the third-party defendant Oomphies, who will now also be a direct defendant, a cause of action for breach of warranty. The supplemental summons and amended complaint shall be served within 20 days after service of a copy of this order with notice of entry.