■ EDWARD CASTELLI et al., Appellants, v RICHARD MORONEY et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Skahen, S.), entered February 16, 1982, which is in favor of the defendants upon a jury verdict. Judgment affirmed, with costs. Our examination of the record leads us to the conclusion that the jury's verdict in favor of the defendants was supported by the weight of the evidence. There is no indication that the jury determined that the collision was the result of an "unavoidable accident". Rather, in conformity with the special verdict sheet submitted to it by the court, the jury found that the defendants were not negligent in the operation of their vehicle. We have considered the other points raised by the plaintiffs and have found them to be without merit. Damiani, J. P., Titone, Gulotta and Rubin, JJ., concur.

■ PERLETTE DE ROVIRA et al., Respondents, v LUMEX, INC., Appellant, et al., Defendant. (And a Third-Party Action.) — In an action to recover damages for personal injuries, etc., defendant Lumex, Inc., appeals from an order of the Supreme Court, Nassau County (Velsor, J.), entered February 19, 1982, which denied its motion to dismiss plaintiffs' breach of warranty cause of action. Order affirmed, without costs or disbursements, and without prejudice to renewal of the motion on the trial of this action. While defendant Lumex, Inc., contends that the operative events relative to the breach of warranty cause of action occurred prior to the effective date of the amendment to section 2-318 of the Uniform Commercial Code (L 1975, ch 774), a finding to this effect cannot be made on this record (see *McKay v Jefmar Wash & Dry,* 84 AD2d 576; see, also, *Martin v Dierck Equip. Co.,* 43 NY2d 583, 589-590). Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.