Teresa **CALLAZO** and Camilo Santana, Plaintiffs,

v.

**AMERICAN AIRLINES, INC.,** Defendants.

No. 94 CV 5705.

United States District Court, E.D. New York.

March 12, 1996.

Stuart B. Cassell, Forest Hills, New York, for plaintiffs.

Jeffrey J. Ellis, Michael Hecht, Quirk and Bakalor, P.C., New York City, for defendants.

### ORDER

BLOCK, District Judge:

On December 28, 1995, Magistrate Judge Joan M. Azrack issued a Report and Recommendation on defendant's motion referred to her by the undersigned to transfer venue pursuant to 28 U.S.C. § 1404 or, in the alternative, to dismiss the action as time-barred pursuant to New York's borrowing statute CPLR § 202. After extensively reviewing the submissions of the parties and applicable law, Magistrate Judge Azrack, in a particularly well-reasoned and written opinion, recommended that defendant's motion to dismiss be granted.

Magistrate Judge Azrack ordered that any objections to the Report and Recommendation must be filed by the parties within ten (10) days of their receipt of her Report dated December 28, 1995. To date, no party has filed any such objections. *See* 28 U.S.C. § 636 (requiring filing of objections within ten days of service); Fed.R.Civ.Pro. 72 (same). The Court has reviewed the Report and Recommendation and finds it legally correct and proper. It therefore affirms and adopts in its entirety Magistrate Judge Azrack's Report and Recommendation dated December 28, 1995. Accordingly, defendant's motion to dismiss is hereby **GRANTED** and plaintiff's complaint is **DISMISSED**.

**SO ORDERED.**

### REPORT AND RECOMMENDATION

AZRACK, United States Magistrate Judge:

By Order dated June 12, 1995 the Honorable Frederic Block referred the above captioned action to the undersigned to report and recommend on defendant's motion to transfer venue. For the reasons stated below it is hereby respectfully recommended that this action be dismissed pursuant to New York Civil Practice Law and Rules § 202 as untimely.

### I. FACTS

This action arises out of a September 18, 1993 accident aboard American Airline's Flight 1290, which originated in San Juan, Puerto Rico and terminated at John F. Kennedy International Airport (hereinafter "J.F.K. Airport"). Plaintiff, Teresa Callazo, was a passenger aboard Flight 1290 and claims that during the course of that flight she was injured when the plane experienced severe turbulence. (Compl. ¶ 14). Plaintiff Camilo Santana, Teresa Callazo's husband, has also alleged a loss of services and companionship due to his wife's injuries. (Compl. ¶ 19).[1] Specifically, plaintiffs' claim that defendant was negligent in letting Flight 1290 fly into a severe storm.

In its answer, defendant raised numerous affirmative defenses, *inter alia,* the doctrine of *forum non conveniens,* improper venue pursuant to 28 U.S.C. § 1404 (1994) and the statute of limitations. No discovery was ever conducted.

In the present motion, defendant initially sought to have this action transferred to Puerto Rico where a similar action has been commenced arising out of the same flight. Defendant argued that this action should be transferred to Puerto Rico since it "might have been brought" there pursuant to 28 U.S.C. § 1404, and because many of the witnesses, including both plaintiffs, reside in Puerto Rico.

In opposition, plaintiffs interpreted defendant's motion to transfer venue as a motion

---

1. The term "plaintiff" and "plaintiffs" will be used throughout this Report and Recommenda-

tion. The term "plaintiff" refers to Teresa Callazo.

*forum non conveniens.* In this vein, plaintiffs argued that they would be time barred from bringing this action in Puerto Rico if this Court were to dismiss the present action under the doctrine of *forum non conveniens.* In its reply to plaintiffs' opposition to its motion, defendant, citing its Answer, moved to have this action dismissed pursuant to New York Civil Practice Law and Rules § 202 (hereinafter "CPLR") as time-barred pursuant to New York's borrowing statute.

Initially, and for some time after the filing of defendant's papers, plaintiffs maintained that their actions accrued while Flight 1290 was over New York State. If this were the case, then the borrowing statute would not apply. However, upon the affidavit of the pilot of Flight 1290, Captain Chritten P. Benoit, swearing that the turbulence occurred over international waters, plaintiffs agreed to stipulate that the turbulence did not occur over New York State.

Following this stipulation and the cancellation of a hearing on the location of the incident, plaintiffs' counsel requested that he be allowed to submit additional documentation demonstrating contacts that his clients had with New York State at the time of the incident. This Court gave plaintiff three weeks to produce such documentation. No documentation was ever received by this Court.[2]

It is upon these facts that the present motion will be considered.

## II. DISCUSSION

As defendant's motion to dismiss this action pursuant to CPLR § 202, New York's borrowing statute, is dispositive, this Court will not address defendant's other arguments regarding transfer of the action to Puerto Rico.

■ Since jurisdiction is based upon diversity of citizenship, this Court is bound to apply the substantive law of New York, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including the applicable New York conflict of laws rules, *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), and the forum state's applicable statute of limitations and borrowing statute. *See Block v. First Blood Assoc.,* 988 F.2d 344, 349 (2d Cir.1993).

Section 202 provides:

An action caused upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. CPLR § 202 (McKinney 1990). The parties are in agreement that (1) this action accrued on September 18, 1993 while Flight 1290 was over international waters, (2) this action was commenced in December 1994, (3) New York has a three year statute of limitations for this action, and (4) Puerto Rico has a one year statute of limitations for this action. It is further conceded that if the New York statute of limitations applies to this action, the action is timely, but that if Puerto Rico's statute of limitations applies, this action is time-barred.

Pursuant to section 202, if a cause of action accrued outside of New York state, the defendant is amenable to suit in that state, and that state has a shorter statute of limitations than New York, that shorter statute of limitations would apply despite the fact that the action was commenced in New York. If, however, the cause of action accrued in New York the only relevant statute of limitations

---

**2.** In the interval between plaintiffs' request and the date the documentation was due, plaintiffs' attorney was suspended from the practice of law. *See Matter of Stuart B. Cassell,* N.Y.L.J., Dec. 8, 1995, at 4. An apparent consequence of the suspension was the failure of plaintiff to submit the additional documentation. Neither plaintiffs' counsel nor his office, however, contacted this Court regarding the former's suspension or his decision not to submit the documentation. In-

deed, despite repeated phone calls from this Court to plaintiffs' counsel's office and a November 29, 1995 letter advising him that failure to submit the additional documentation or to contact this Court regarding substitute counsel by December 7, 1995 would result in this Court deciding defendant's motion without the additional documentation, neither plaintiffs' attorneys' office nor substitute counsel ever contacted this Court.

would be that of New York. In cases, however, where defendant is not amenable to suit in the state in which the action accrued, only the New York statute of limitations would be relevant. Therefore, the relevant inquiries are whether American Airlines is amenable to suit in Puerto Rico and whether the cause of action accrued in Puerto Rico or New York.[3]

■ With regard to whether defendant is amenable to suit in Puerto Rico, this Court is satisfied that American Airlines was and continues to be amenable to suit in Puerto Rico. Defendant offers that "defendant has already submitted to suit in Puerto Rico" in the case of *Negron v. American Airlines, Inc.*, No. 94–CV–2242 (D.P.R. closed Oct. 17, 1995), and states that it maintains "offices in several locations in Puerto Rico for the purpose of selling tickets for American Airlines flights, as well as a district marketing offices ..." and it "operates many flights from that location." (Def.'s Mem. of Law at pp. 2, 3). Although American Airlines' consent to be sued in a related matter does not give rise to broad-rea̤hing personal jurisdiction over American Airlines, this Court is satisfied that American Airlines' intentional and systematic contact in Puerto Rico demonstrate that defendant is amenable to suit in Puerto Rico. *See Rodriguez v. American Airlines, Inc.*, 886 F.Supp. 967 (D.P.R.1995); *Garcia v. American Airlines*, 816 F.Supp. 72 (D.P.R. 1993).

■ Thus, the remaining inquiry is whether this action accrued in New York or Puerto Rico. The place where a cause of action accrues is crucial to the borrowing statute since it goes to the very policy underlying the borrowing statute. Section 202 is designed to prevent a non-resident plaintiff from "forum shopping" for a forum with a more generous statute of limitations in New York. *Stafford v. Internatiˌnal Harvester Co.*, 668 F.2d 142, 151 (2d Cir.1981); *Antone v. General Motors Corp.*, 64 N.Y.2d 20, 28, 484 N.Y.S.2d 514, 473 N.E.2d 742 (1984).

Seemingly unbeknownst to either party, the invocation of the borrowing statute in

this action requires inquiry into an unstable area of the law regarding where a cause of action "accrues" for purposes of the borrowing statute. Courts have grappled with the issue of whether the accrual of a cause of action for purposes of the borrowing statute is determined by the "grouping of contacts" approach as is applied to substantive choice of law determinations in New York, or if the "place of injury" determines where a cause of action accrues for the borrowing statute. *See Braune v. Abbott Lab.*, 895 F.Supp. 530, 558 (E.D.N.Y.1995) (Weinstein, J.) ("dubitantly" applying the "place of injury" test after recognizing the conflict between the tests); *Maslan v. American Airlines*, 885 F.Supp. 90, 93 (S.D.N.Y.1995) (both tests used).

Unfortunately, the New York Court of Appeals has not spoken on this matter since its 1978 opinion in *Martin v. Julius Dierck Equip. Co.*, 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978) where the court applied the "place of injury" test. In *Martin*, the court found that the plaintiff's negligence and breach of warranty action against the manufacturer and distributor of a forklift accrued in Virginia where the accident occurred rather than New York where the forklift was manufactured and delivered. *Martin*, however, is not dispositive because the *Martin* court employed language which supports both accrual theories. Specifically, although the court relied upon the "place of the injury" test, the court looked to the "jurisdiction that had the greater interest in the litigation" and further noted that "in barring plaintiff's causes of action, we observe that no expectation interest of the nonresident plaintiff is frustrated by the application of [Virginia's statute ˙of limitations]" *Id.* at 43 N.Y.2d at 591, 403 N.Y.S.2d at 189, 374 N.E.2d at 101. *See Braune*, 895 F.Supp. at 560.

Subsequently, the Court of Appeals for the Second Circuit addressed this issue and predicted that the New York Court of Appeals would follow the "place of. injury" accrual point test. *Stafford*, 668 F.2d at 149–50. Despite the Second Circuit's *Stafford* opinion,

---

**3.** Although there is an exception to CPLR § 202 where the action is accrued in favor of a New York resident, that exception is inapplicable since plaintiffs plainly concede that they are residents and domiciliaries of Puerto Rico. *See* Compl. ¶ 2.

courts continue to review this issue with great interest. *See Maslan*, 885 F.Supp. at 93; *Braune*, 895 F.Supp. at 557–66. Several courts have refused to choose between the two tests where the same result would be procured by either test. *See Maslan*, 885 F.Supp. 90 (contract action); *Harrison v. Northwest Orient Airlines, Inc.*, 677 F.Supp. 131, 133–134 (S.D.N.Y.1987) (California statute of limitations applied to in-flight accident over California under both tests). One New York state court instituted the drastic rule that where the place of accrual is unidentifiable for borrowing statute purposes, the action was deemed to have accrued in the state with the shorter statute of limitations. *Allen v. Handszer and G.D. Searle & Co.*, 148 Misc.2d 334, 560 N.Y.S.2d 593 (N.Y.Sup.Ct. 1990). In that case, the court was unable to determine where the plaintiff's infection occurred, and was similarly unable to determine decisively which state had a greater interest in the action. Therefore, the court chose to apply the shorter statute of limitations to the action.

In the present case there is no real choice between which test to apply to the facts of this action since only one test would resolve the present dispute. Since both parties agree that the underlying incident occurred over international waters and not over New York state, the "place of the injury" test would not procure any solution to the present quandary. Rather, application of the "grouping of contacts" analysis yields a framework in which to determine where the cause of action accrued in this action. As such, we must compare the respective interests of New York and Puerto Rico to this action.

New York has an interest in this action since the plane landed in New York immediately following the allegedly injurious turbulence. Puerto Rico, however, has several interests in this action. First, both plaintiffs are residents of Puerto Rico so Puerto Rico has an interest in defining their rights, liabilities and remedies. Second, as the plane departed from Puerto Rico, Puerto Rico has an interest in a case that hinges on whether defendant negligently let Flight 1290 fly from Puerto Rico into stormy weather rather than grounding that flight. Such a grounding would have caused disruption of Puerto Rico's air traffic system and related ground support facilities and services. Therefore, a decision resting liability on an airline for not grounding an aircraft in Puerto Rico would directly affect Puerto Rico's interests in safe, orderly and efficient air transportation. In contrast, New York, as the destination of Flight 1290, would be less affected by the delay of a single, or even a few, aircraft en route from Puerto Rico. Even if plaintiff argued that defendant was negligent in failing to steer around the weather system, this Court cannot see how such an argument would increase New York's interest in the adjudication of this suit.

Third, although neither plaintiffs nor defendant specifically state where plaintiffs purchased their tickets, this Court is comfortable in finding that plaintiffs purchased their tickets in Puerto Rico. This conclusion is based on the fact that plaintiffs live in Puerto Rico and their journey began in Puerto Rico. In addition, plaintiffs' attorney implied that the tickets were purchased in Puerto Rico when she argued, in opposition to defendant's motion to transfer venue to Puerto Rico, that it was "irrelevant" where the ticket was purchased. (Plaintiffs Affirmation in Opposition at pp. 3–4). Thereby indicating that the fact that plaintiffs purchased their tickets in Puerto Rico should not be considered against plaintiffs in establishing cause to transfer the case to Puerto Rico. As this Court finds that plaintiffs purchased their tickets in Puerto Rico, Puerto Rico has an interest in any disputes arising out of the duty created by that transaction. Even if plaintiffs did not purchase their tickets in Puerto Rico, however, the domicile of the plaintiffs and the origin of the flight coupled with New York's limited interests, compels a finding that Puerto Rico has a greater interest in this action.

In sum, after weighing the interests in this action, the slight and attenuated interest of New York pales in comparison to the substantial and long standing interests of Puerto Rico. Therefore, it is this Court's recommendation that Puerto Rico's statute of limitations apply to this action. Given that appli-

cation, plaintiffs' action should be dismissed as time barred pursuant to CPLR § 202.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

SO ORDERED.

Dated: Brooklyn, New York

December 28, 1995.