Levine, J.
(concurring). In my view, applying the plain meaning doctrine here as a basis for rejecting the reasoning of the Second Circuit in Stafford v International Harvester Co. (668 F2d 142) is problematical (see, majority opn, at 186). First, in addition to the definition of accrue relied upon by the majority, Black’s Law Dictionary also defines accrue, as applied to a cause of action, as follows: "A cause of action ’accrues’ when a suit may be maintained thereon” (Black’s Law Dictionary 21 [6th ed 1990] [emphasis supplied]). Moreover, among the five definitions of "accrue” in Webster’s Third New International Dictionary (Unabridged) (1966), the most pertinent for a legal context is "to come into existence as an enforceable claim” (id., at 13 [emphasis supplied]).
This is the way the accrual language in the borrowing statute (CPLR 202) was interpreted by this Court, in Martin v Dierck Equip. Co. (43 NY2d 583) where, as the majority writing here points out (majority opn, at 184), we held a cause of action for personal injury in breach of warranty did not accrue until it was amenable to suit, i.e., "when a suit may be maintained thereon” (Black’s Law Dictionary, op. cit, at 21) and when it came into existence as "an enforceable claim” (Webster’s Third New International Dictionary [Unabridged], op. cit., at 13). It was, therefore, understandable why the Stafford court read our interpretation of CPLR 202 in Martin v Dierck Equip. Corp. as requiring amenability to suit in the foreign jurisdiction before a cause of action could be deemed to have ”accru[ed] without the state” (CPLR 202). That is, only-then did a cause of action "accrue” in the sense that a suit may be maintained thereon, only then could the cause of action come into existence as an enforceable claim in that jurisdiction (see, Stafford v International Harvester Co., 668 F2d 142, 151, supra [discussing Martin v Dierck Equip. Co., 43 NY2d 583, supra]).
*189 Thus, with the foregoing equally plausible and appropriate differing meanings of "cause of action accruing without the state,” it can hardly be said that the plain meaning of the language of the borrowing statute dictates the result here. Nevertheless, for the other reasons stated in the majority opinion, I agree that the better interpretation of CPLR 202 and of the phrase "cause of action accruing without the state,” which produces a clearer bright-line rule and more consistent results, is the interpretation adopted by the majority. Accordingly, I concur.
Chief Judge Kaye and Judges Titone, Bellacosa, Ciparick and Wesley concur with Judge Smith; Judge Levine concurs in result in a separate opinion.
Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered as follows: Under CPLR 202, New York courts would borrow California’s shorter limitation period.