■ IRVING LINDENBAUM, as Administrator of the Estate of ANNA LINDENBAUM, Deceased, Respondent, v. ANTONIOUS GEORGAKAKOS, Appellant.— In a negligence action to recover damages for wrongful death and for conscious pain and suffering, defendant appeals from an order of the Supreme Court, Kings County, dated May 1, 1961, granting plaintiff's motion for summary judgment striking out defendant's answer, pursuant to rule 113 of the Rules of Civil Practice, and directing an assessment of the damages. Appeal discontinued, without costs, upon the written stipulation of the parties, dated December 5, 1961. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur. [27 Misc 2d 979.]

■ BERNARD McCABE, Respondent, v. QUEENSBORO FARM PRODUCTS, INC., et al., Defendants, and BANNER ROOFING CO., INC., Appellant. SAM GELFAND, Individually and Doing Business as EAGLE ROOFING & SHEET METAL WORKS, Third-Party Plaintiff, v. BANNER ROOFING CO., INC., Third-Party Defendant.— The amended complaint indicates that the injuries complained of were received on January 23, 1957. This action was commenced on or about November 22, 1957, only against Queensboro Farm Products, Inc., and against Sam Gelfand, individually and doing business as Eagle Roofing & Sheet Metal Works. Thereafter, and on July 5, 1960, Gelfand as third-party plaintiff, served upon Banner a third-party complaint. Banner's motion to dismiss this third-party complaint was granted and, on a prior appeal from the order dismissing such complaint (13 A D 2d 674), this court modified that order to permit the service of an amended third-party complaint. Gelfand, on June 7, 1961, served an amended third-party complaint on Banner. Then, on June 16, 1961, plaintiff served an amended complaint on third-party defendant Banner, joining him as a codefendant in the main action. Banner as such codefendant served its answer, pleading the Statute of Limitations, and moved for summary judgment dismissing the amended complaint as to it. In our opinion the amended complaint alleges a cause of action based solely upon negligence, which is governed by the three-year period of limitations (Civ. Prac. Act, § 49, subd. 6). For negligently causing his injuries on January 23, 1957, plaintiff did not assert any claim against Banner until June 16, 1961, more than four years after the accrual thereof (Civ. Prac. Act, § 11). Subdivision 3 of section 193-a of the Civil Practice Act neither bars a defendant from asserting the Statute of Limitations as a defense, nor serves to extend the time in which a party may assert a cause of action (*Spen & Co.* v. *Ocean Box Corp.*, 16 Misc 2d 436; Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 192 *et seq.*). Although the amended complaint alleges that Banner and Gelfand are joint venturers, the cause of action against Banner may not be deemed to have been commenced as of the service of the summons and complaint on defendant Gelfand on November 22, 1957, since at that time Banner had not been named as a codefendant in the main action (Civ. Prac. Act, § 16; *Gray* v. *Vought & Co.*, 216 App. Div. 230). Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.