JOHN TRYBUS, Respondent, v. NIPARK REALTY CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. BERNARD GOLD, Third-Party Defendant-Appellant.— In negligence actions consolidated for trial, to recover damages for injury to property and person, the third-party defendant appeals, as limited by his reply brief, (1) from so much of an order of the Supreme Court, Queens County, entered August 19, 1965, as granted leave to plaintiff to amend his complaint and to serve appellant as an additional defendant; and (2) from so much of an order of said court, entered November 30, 1965 as, upon reargument, adhered to the court's original decision with respect to such amendment. Order of November 30, 1965 reversed insofar as appealed from, with $10 costs and disbursements to appellant against plaintiff, and plaintiff's motion to amend his complaint and to serve appellant as an additional defendant denied, without costs. Appeal from order of August 19, 1965, dismissed insofar as appealed from, without costs. That order was superseded

by the later order made on reargument. In these negligence actions, the original defendants served third-party complaints upon appellant within three years after the happening of the accident; and appellant answered those complaints as well as plaintiff's complaint. Thereafter, following the expiration of the three-year Statute of Limitations (CPLR 214), plaintiff made the instant motion for leave to amend his complaint and to serve appellant as an additional defendant. In our opinion, plaintiff was in effect seeking to state a new cause of action against appellant, which was barred by the Statute of Limitations (cf. *McCabe* v. *Queensboro Farm Prods.*, 15 A D 2d 553; *Horan* v. *Pope & Talbot*, 119 F. Supp. 711; *Hankinson* v. *Pennsylvania R. R. Co.*, 160 F. Supp. 709). We are also of the opinion that the claim sought to be asserted in the proposed amended complaint did not relate back to the date of service of the original complaint, pursuant to CPLR 203 (subd. [e]), since the original pleading did not give notice to appellant "of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading". Since the Statute of Limitations is a good defense to the proposed amended complaint, no useful purpose would be served in permitting the amendment (cf. *Lewis* v. *Wilson & Co.*, 275 App. Div. 9, 12). Beldock, P. J., Ughetta, Christ and Brennan, JJ., concur; Hopkins, J., concurs in the dismissal of the appeal from the order entered August 19, 1965, but dissents from the reversal as to the order entered November 30, 1965 and votes to affirm such order insofar as appealed from, with the following memorandum: I am of the opinion that the proposed amendment of the complaint is not barred by the Statute of Limitations. The original defendants served third-party complaints on appellant well within the period limited by the statute; and appellant not only answered the complaints well within the same period, but also served simultaneously an answer to plaintiff's complaint. Thus, appellant in effect entered the litigation directly with plaintiff; and it was no more than a formality that plaintiff moved to amend his complaint by adding appellant as a party defendant. Clearly, appellant had "notice of the transactions" to be proved pursuant to the amended complaint, precisely in the manner contemplated in the broad language of CPLR 203 (subd. [e], which characterizes plaintiff's claim thus asserted to be deemed to be interposed at the time the original pleading was served, for the purpose of the measurement of the Statute of Limitations. We should give a liberal interpretation to this provision to render substantial justice to the parties (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.34). Here, to my mind the ends of justice will be furthered on the grounds that (1) appellant is already a party to the litigation and has participated in the proceedings and will be present at the trial, (2) plaintiff should be entitled to recover against one who is said by defendants to be the active agent whose negligence caused the injuries, particularly where a jury might find no liability on the defendants' part and thus leave plaintiff without remedy and (3) defendants should be entitled to the equitable right of contribution, in the event the jury should find that both they and appellant were actively negligent (cf. *Storch* v. *Moritsky*, 24 A D 2d 1027).