■ GEORGE A. KNORR, Appellant, v CITY OF ALBANY, Defendant and Third-Party Plaintiff. WESTGATE NORTH, INC., Third-Party Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. (Action No. 1.) GEORGE A. KNORR, Plaintiff, v JEFFREY M. GOLDBERG, Defendant. (Action No. 2.)— Appeal from an order of the Supreme Court at Special Term, entered December 6, 1976 in Albany County, which granted a motion by third-party defendant Westgate North, Inc., for an order dismissing the amended complaint upon the ground that the Statute of Limitations had expired. Plaintiff was allegedly injured on January 23, 1972 when the vehicle in which he was a passenger collided with a fire hydrant maintained by the City of Albany. Plaintiff commenced an action against the city contending that his injuries were due solely to the negligence of the City of Albany with respect to the positioning of the fire hydrant and the lack of warning as to its location, thereby creating and failing to remedy a dangerous condition. Thereafter the City of Albany served a third-party summons and complaint upon the third-party defendant on or about January 15, 1974 seeking indemnification pursuant to CPLR 1007, which was timely answered. Copies of these papers were not served upon plaintiff. On December 10, 1975 a jury was selected and prior to opening statements, the third-party defendant's counsel informed the court that it would object if plaintiff introduced any evidence directly against it. The next day plaintiff served an amended complaint upon the third-party defendant alleging a direct cause of action against it. By its answer to the amended complaint and by motion, the third-party defendant raised the affirmative defense of the Statute of Limitations. The trial court granted the third-party defendant's motion and the instant appeal ensued. Plaintiff contends that the claim contained in the amended complaint against the third-party defendant was not barred by the three-year Statute of Limitations for personal injury actions. Plaintiff concedes its service of the summons and amended complaint was not made until more than three years had passed from the date of the accident, but asserts that the operation of CPLR 203 (subd [e]), which establishes a "relation back" effect, saves the claim since the original summons and complaint were additionally served upon the third-party defendant by the City of Albany within three years after the cause of action arose, when the city commenced its third-party action. Respondent contends that plaintiff is attempting to couple the operation of CPLR 1009 with CPLR 203 (subd [e]) to artifically extend the applicable Statute of Limitations, in contravention of pertinent case law. In our view, the trial court correctly determined that the direct claim asserted against the third-party defendant was barred by the Statute of Limitations. *Trybus v Nipark Realty Corp.* (26 AD2d 563) held that a plaintiff in a negligence case could not rely upon CPLR 203 (subd [e])

to avoid the defense of the Statute of Limitations raised by a third-party defendant. The court noted: "We are also of the opinion that the claim sought to be asserted in the proposed amended complaint did not relate back to the date of service of the original complaint, pursuant to CPLR 203 (subd. [e]), since the original pleading did not give notice to appellant 'of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading' " (p 564). In the instant case the plaintiff's original pleading did not give notice of the occurrence alleged in the amended pleading as is required by subdivision (e). The complaint against the City of Albany alleges that plaintiff's injuries were caused *solely* by the negligence of the City of Albany in the repair, maintenance, positioning and protection of the fire hydrant. The amended pleading would assert not merely a new theory of recovery but would also allege a new set of facts against a new defendant, *to wit,* affirmative acts of the respondent in modifying the area in the vicinity of the fire hydrant and negligently removing protective devices in and about the hydrant. We conclude, therefore, that on the facts of this claim, the order of the trial court should be affirmed (cf. *Mastandrea v State of New York,* 57 AD2d 679). Order affirmed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.