■ VILLAGE OF ST. JOHNSVILLE, Respondent, v TRAVELERS INDEMNITY COMPANY et al., Defendants. SURPASS CHEMICAL CO., INC., Third-Party Plaintiff, v ASHLAND CHEMICAL CO., Third-Party Defendant-Appellant. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered April 1, 1982 in Montgomery County, which granted a motion by plaintiff to amend the complaint so as to add as a defendant the third-party defendant Ashland Chemical Co. Plaintiff Village of St. Johnsville (village) purchased nine cylinders of compressed chlorine gas from defendant and third-party plaintiff Surpass Chemical Co. (Surpass). In March, 1979, the village commenced an action against Surpass and the Travelers Indemnity Company to recover for property damage occurring on or about June 25, 1977, allegedly as a result of the rupture of one or more of said cylinders. Thereafter Surpass served a third-party summons and complaint in June, 1979 on third-party defendant Ashland Chemical Company (Ashland) seeking indemnity or apportionment of liability on the ground that the cylinders were "manufactured, filled, created and distributed" by Ashland. In March, 1982, a motion was made by the village seeking to join Ashland as a party defendant, to amend the complaint accordingly, and to allow service of a supplemental summons and an amended complaint. The motion was opposed by Ashland on the ground that any action against it in either negligence, breach of warranty or strict products liability

was barred by the Statutes of Limitation. Special Term granted plaintiff's motion and this appeal ensued. While it is not disputed by plaintiff that the relevant Statutes of Limitation had run by March, 1982 when the motion was made, plaintiff, relying on *Lancaster Silo & Block Co. v Northern Propane Gas Co.* (75 AD2d 55) maintains that the timeliness of its claim against Ashland should be measured from the date Ashland was served with the third-party complaint. In *Lancaster,* the court noted an earlier decision of the court in the same case wherein an order of Special Term was affirmed which allowed the amendment of a complaint by a plaintiff to include direct claims against third-party defendants concluding that the claims, pursuant to CPLR 203 (subd [e]), were deemed to have been interposed at the time of the third-party complaint for Statute of Limitations purposes (*Lancaster Silo & Block Co. v Northern Propane Gas Co., supra,* p 60). This court, however, disagrees with such an interpretation of CPLR 203 (subd [e]). CPLR 203 (subd [e]) provides that a "claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the *original pleading* were interposed, unless the original pleading does not give notice of the transactions, occurrences or series of transactions or occurrences, to be proved pursuant to the amended pleading" (emphasis added). This subdivision clearly requires that the relation back shall be to the time the claims in the original pleading were interposed (*Brock v Bua,* 83 AD2d 61, 65) and thus the pertinent date is the date the original complaint was served on defendants. At the time the original claims were interposed, Ashland did not have notice of the transaction or occurrences to be proved pursuant to the amended pleading. Accordingly, CPLR 203 (subd [e]) cannot be used in the present case to bring plaintiff's claim against Ashland within the Statutes of Limitation (see *Knorr v City of Albany,* 58 AD2d 904; *Trybus v Nipark Realty Corp.,* 26 AD2d 563). Special Term, therefore, improperly granted plaintiff's motion to join Ashland as a party defendant and the order must be reversed. Order reversed, on the law, without costs, and plaintiff's motion denied. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.