## (April 25, 1983)

ALLSTATE INSURANCE COMPANY, as Subrogee of JAMES DUDGEON et al., Appellant, v EMSCO HOMES, INC., Defendant and Third-Party Plaintiff. JACK FERRARO et al., Third-Party Defendants-Respondents. — In an action to recover damages for injury to real property, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Green, J.), dated March 10, 1982, as denied its cross motion to amend its complaint to assert a direct action against the third-party defendants. Order modified by deleting the provision denying plaintiff's cross motion in its entirety and substituting therefor a provision granting plaintiff leave to serve a supplemental summons adding the third-party defendants as party defendants in the main action and granting plaintiff leave to serve an amended complaint asserting the sixth cause of action alleged in its proposed amended complaint against said third-party defendants and by denying plaintiff's cross motion in all other respects. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Plaintiff shall serve its supplemental summons and amended complaint upon the third-party defendants within 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. CPLR 203 (subd [e]) permits a plaintiff to plead new causes of action against already named defendants, notwithstanding the expiration of applicable periods of limitation. Subdivision (e), however, "is not applicable to the assertion of claims against new parties in amended pleadings for the reason

that timely notice to defendant A of the transactions or occurrences underlying plaintiff's claim, sufficient to enable him to prepare a defense, cannot be automatically imputed to defendant B who was served after the expiration of the statute" (*Brock v Bua,* 83 AD2d 61, 65). Consequently "subdivision (e) alone does not permit the date of interposition of a claim asserted against a new defendant in an amended pleading to relate back to the date of claim interposition against the original defendant" (*Brock v Bua, supra,* p 65; see *Trybus v Nipark Realty Corp.,* 26 AD2d 563). By contrast, service of a notice of motion and the proposed amended complaint upon a defendant *prior* to the expiration of the applicable Statute of Limitations timely interposes the claim or claims asserted in the amended complaint (*Vastola v Maer,* 48 AD2d 561, 564-565, affd 39 NY2d 1019). In the case at bar plaintiff served the notice of cross motion and proposed amended complaint prior to expiration of the three-year Statute of Limitations applicable to plaintiff's negligence claim (*Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395). The sixth cause of action, therefore, was timely interposed (*Vastola v Maer, supra*). Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.