DOROTHY M. HOLST et al., Appellants, v CARL W. EDINGER et al., Defendants.

CARL W. EDINGER, Third-Party Plaintiff, v MICHELLE LOVECCHIO et al., Third-Party Defendants-Respondents.

First Department, April 28, 1983

APPEARANCES OF COUNSEL

*Gerald E. Loehr* for appellants.

*Charles F. Brady* of counsel (*Benjamin Purvin,* attorney), for third-party defendants-respondents.

OPINION OF THE COURT

SILVERMAN, J.

This is an appeal from an order of the Supreme Court, Special Term, denying plaintiffs' motion for leave to serve a proposed amended complaint asserting a direct claim against third-party defendants.

A three-car accident occurred on July 31, 1978. Plaintiff Dorothy M. Holst was in one car; defendants Edinger were the owner and operator of a second car; third-party defendants Lovecchio were the owner and operator of a third car. Plaintiffs Holst commenced this action on August 21, 1980 against defendants Edinger alleging that the accident was

caused solely by reason of said defendants' negligence. On November 14, 1980 defendant Carl Edinger served his answer to plaintiffs' complaint, and on the same day served a third-party summons and complaint on third-party defendants Lovecchio alleging that if plaintiffs sustained injuries through any fault other than their own, then such injuries were due to the primary and active and sole fault of the third-party defendants, and defendant third-party plaintiff Edinger demanded judgment dismissing plaintiffs' complaint, and in the event judgment is rendered against the third-party plaintiff, then the third-party plaintiff Edinger have judgment over against the third-party defendants Lovecchio. The third-party defendants served their answer to the third-party complaint on the attorneys for the plaintiffs and the third-party plaintiff on or about December 19, 1980. On or about October 5, 1981 plaintiffs moved for leave to serve a proposed amended complaint upon the third-party defendants Lovecchio alleging that the accident was caused by the negligence of the original defendants and the third-party defendants, and asking for judgment against defendants and/or third-party defendants.

Special Term denied leave on the grounds that more than three years having elapsed since the accident, plaintiffs' claim against the third-party defendants was barred by the Statute of Limitations citing *Trybus v Nipark Realty Corp.* (26 AD2d 563). Plaintiffs urge, however, that their action as against the third-party defendants is not barred by the Statute of Limitations because of the provision of CPLR 203 (subd [e]): "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."

As the statute does not state whether or not it is applicable to an amended complaint served upon someone not named in the original complaint, there is room for argument both ways. Appellate Divisions of this State have divided on it. The Fourth Department Appellate Division has held that CPLR 203 (subd [e]) does apply so as to cause

plaintiffs' amended complaint for the first time alleging a direct claim against the third-party defendants to relate back at least to the date of the service of the third-party complaint. (*Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 60.) The Third Department Appellate Division, and the Second Department have held the other way. (*Knorr v City of Albany,* 58 AD2d 904 [3d Dept]; *Trybus v Nipark Realty Corp.,* 26 AD2d 563, *supra* [2d Dept]; but cf. *Brock v Bua,* 83 AD2d 61, 65, n [2d Dept]; see *McCabe v Queensboro Farm Prods.,* 15 AD2d 553 [2d Dept], affd 11 NY2d 963.)

As Professor, now Judge, McLaughlin said:

"There is no doubt that CPLR 203(e) was drafted with only one problem in mind: amending a pleading to add a new claim against the same party. For whatever reason, the CPLR does not address the statute of limitations problem that arises when a new party is brought into the action after its commencement. As the original Practice Commentary notes, there has been a profound reluctance in New York to permit an amended pleading to relate back — for purposes of the statute of limitations — to a point before the new party was joined.

"There is a growing restlessness with this result" (Practice Commentaries, McKinneys Cons Laws of NY, Book 7B, CPLR C203:11, p 47, 1982-1983 Pocket Part).

Again the statute refers back to the service of the original pleading; but the original pleading was not originally served on the third-party defendants.

However, we think the statute should be applicable so as to deem plaintiffs' claim against the third-party defendants to have been interposed at the time the third-party complaint was served. At that time, the third-party defendants had full notice of the transactions to be proved. Although the original complaint said that the accident was caused solely by the negligence of the original defendants, there was no real specification of the nature of the negligence; the third-party complaint alleged that the accident was caused by the third-party defendants' negligence; and thus, the third-party defendants had full notice at that time that their negligence was in issue. Further, at the

time the third-party complaint was served, the original complaint also had to be served upon the third-party defendants. (CPLR 1007.) And the third-party defendants served and were required to serve their answer on the plaintiffs. (CPLR 2103, subd [e].)

Thus, from the time of the service of the third-party complaint, the third-party defendants were fully parties to the action with full notice that they may ultimately be charged with the complete liability. In the circumstances, we think that it is desirable to permit the plaintiffs' amended complaint as against the third-party defendants to relate back at least to the time of the service of the third-party complaint, thus enabling the court to render complete justice among all the parties.

Were it not for our view that the claim is not barred by the Statute of Limitations, we would affirm the denial of leave to serve the amended complaint. (See *East Asiatic Co. v Corash*, 34 AD2d 432, 434.)

There remains the question whether plaintiffs have been so neglectful that, in the exercise of our discretion, we should still deny leave to serve an amended complaint. Our statute provides with respect to leave to amend pleadings: "Leave shall be freely given upon such terms as may be just including the granting of costs and continuances." (CPLR 3025, subd [b].) This would seem a proper case for the application of the rule favoring the free grant of leave to amend. While of course the third-party defendants would rather not be sued by plaintiffs, this does not constitute prejudice requiring denial of leave to amend, for the third-party defendants are no worse off than they would have been if plaintiffs had exercised their right under CPLR 1009 to amend their complaint within 20 days after service of the third-party complaint to assert a direct claim against the third-party defendants.

Accordingly, the motion for leave to serve a proposed amended complaint should have been granted.

Order, Supreme Court, Bronx County (MERCORELLA, J.), entered February 2, 1982 denying plaintiffs' motion for leave to serve a proposed amended complaint, is unanimously reversed, on the law, and in the exercise of discretion, and the motion is granted, without costs.

MURPHY, P. J., SULLIVAN, LYNCH and MILONAS, JJ., concur.

Order, Supreme Court, Bronx County, entered on February 2, 1982, unanimously reversed, on the law, and the exercise of discretion and the motion is granted, without costs and without disbursements.