OPINION OF THE COURT
Richard D. Rosenbloom, J.
This is a motion by third-party defendant Richard Ellis, *365 M.D., to vacate service of plaintiff’s amended summons and complaint or for summary judgment. Plaintiff cross-moves for judgment by default or for an order directing Dr. Ellis to answer without interposing a defense based on the Statute of Limitations.
Plaintiff commenced an action alleging medical malpractice and wrongful death against defendant Ripton in March, 1980. In April, 1981, defendant Ripton commenced a third-party action against third-party defendants Eastman Kodak Corporation, Strong Memorial Hospital, Dr. Ellis and Dr. Okawara. In June, 1981, an answer was served on behalf of Strong Memorial Hospital and Dr. Okawara, who had been personally served with process. In July, 1981, plaintiff’s attorney served a supplemental summons and amended complaint on the attorney for Strong Memorial Hospital and Dr. Okawara who is also the attorney for Dr. Ellis. An amended answer was served on behalf of Strong Memorial Hospital and Dr. Okawara but not on behalf of Dr. Ellis. Dr. Ellis was ultimately served with the third-party summons and complaint on March 18,1982 and plaintiff thereafter forwarded a copy of the amended complaint to Dr. Ellis’ attorney. The Statute of Limitations as to any alleged acts of Dr. Ellis expired at the latest in February, 1982.
Plaintiff initially maintains that service of the amended pleading was timely because it relates back to the time of the original pleading in July, 1981. Dr. Ellis claims that since he had not yet been served in the third-party action in July, 1981, the service of the amended pleading on his attorney at that time was insufficient to confer jurisdiction.
Plaintiff timely exercised his right to amend his complaint to assert a claim against the third-party defendants in July, 1981, within 20 days after service of the third-party complaint (CPLR 1009). He relies on the provisions of CPLR 203 (subd [e]) to support his claim that his amended pleading served in March, 1982 is deemed to have been interposed at the time of his original pleading in July, 1981. CPLR 203 (subd [el) provides for such computation of time “unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or *366 occurrences, to be proved pursuánt to the amended pleading.”
The Appellate Division, Third Department, has held that an amended pleading served by the plaintiff on a third-party defendant after the Statute of Limitations expired does not relate back to the service of the original complaint, even where the third-party defendant was impleaded within the Statute of Limitations. (Trybus v Nipark Realty Corp., 26 AD2d 563; Knorr v City of Albany, 58 AD2d 904.) A similar result was reached by the Appellate Division, Second Department, in Brock v Bua (83 AD2d 61).
The Appellate Division, Fourth Department, has approached this problem in a different manner. In Lancaster Silo & Block Co. v Northern Propane Gas Co. (54 AD2d 820), it affirmed an order of Supreme Court, Erie County, permitting service of an amended complaint by a plaintiff after the expiration of the Statute of Limitations against third-party defendants who were found to have had full and timely notice of the plaintiffs’ claims ahd the transactions and events from which they arose. The Appellate Division later held that the claims were deemed to have been interposed at the time of the third-party complaint which had been timely served (75 AD2d 55). A similar conclusion was recently reached by the Appellate Division, First Department, in Holst v Edinger (93 AD2d 313).
These decisions do not help the plaintiff in the instant case, however, since Dr. Ellis was not served with any third-party pleadings until after the Statute of Limitations had expired in March, 1982. He, therefore, cannot be said to have received timely notice of the occurrences and transactions upon which plaintiff’s claim is based. (See McCabe v Queensboro Farm Prods., 15 AD2d 553, affd 11 NY2d 963.)
Plaintiff next contends that Dr. Ellis and Strong Memorial Hospital are codefendants united in interest and that service was effective pursuant to CPLR 203 (subd [b]) when Strong Memorial Hospital was timely served. To determine unity of interest, the Court of Appeals has stated that “[i]f the interest of the parties in the subject-matter is such *367 that they stand or fall together and that judgment against one will similarly affect the other then they are ‘otherwise united in interest.’ ” (Prudential Ins. Co. of Amer. v Stone, 270 NY 154,159.) The unity of interest rule is based on the rationale that timely service on one defendant will enable that defendant to investigate all defenses which are available to both defendants, thus satisfying the primary purpose of the Statute of Limitations. (Connell v Hayden, 83 AD2d 30.)
In Connell v Hayden (supra), the Appellate Division, Second Department, concluded that a professional service corporation would be vicariously liable for the negligence of its employee doctor and therefore held it to be united in interest with the doctor who had been timely served. It declined, however, to find the coemployee doctors united in interest since they could not be charged with vicarious liability for each other’s acts. In Scher v Kronman (70 AD2d 354), the Appellate Division, First Department,-held that service on a hospital was not tantamount to service on its employee doctor since a doctor who was not negligent could not be held liable for the negligence of a coemployee.
In the instant case, Strong Memorial Hospital may be independently liable apart from any vicarious liability imposed because of its employer-employee relationship with Dr. Ellis and Dr. Okawara. Therefore, Dr. Ellis may have an individual defense available to him which would not apply to Strong Memorial Hospital and his interests will not necessarily stand or fall with those of the hospital. Since Dr. Ellis is not united in interest with Strong Memorial Hospital, timely service on the hospital did not have the effect of tolling the Statute of Limitations against him.
Finally, plaintiff claims that Dr. Ellis’ absence from the State- for four months or more tolled the Statute of Limitations pursuant to CPLR 207 and also that he is estopped from asserting this defense. CPLR 207 does not apply where methods of acquiring personal jurisdiction other than by personal delivery within the State are available (Yarusso v Arbotowicz, 41 NY2d 516). CPLR 207 has also been held to be inapplicable where jurisdiction could have been acquired pursuant to CPLR 308 (subd 5) and 313 (Goodemote v McClain, 40 AB2d 22). Since no attempt was *368 made to utilize CPLR 308 (subd 5), plaintiff cannot take advantage of the tolling provisions of CPLR 207.
Plaintiff’s claim of estoppel is based on the assertion that Dr. Ellis’ attorney did not furnish a current address for Dr. Ellis until the Statute of Limitations had run. Defendant’s attorney disputes this claim and asserts that he notified plaintiff’s attorney of defendant’s address in January, 1982. Plaintiff’s allegations do not constitute such conduct by defendant’s attorney which in any way induced him to refrain from filing a timely action. There were alternate means available to attempt to acquire jurisdiction over Dr. Ellis and the fact that they were not used by plaintiff does not warrant application of the doctrine of estoppel to Dr. Ellis.
For the foregoing reasons, the motion of third-party defendant Ellis to vacate service of the supplemental summons and amended complaint and for summary judgment dismissing the amended complaint as time barred is granted. Plaintiff’s cross motions are denied.