■ KATHLEEN FLYNN et al., Respondents, v TOWN OF NORTH HEMPSTEAD, Appellant, et al., Defendant. — In an action to recover damages for personal injuries, etc., the defendant Town of North Hempstead appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Spatt, J.), dated May 25, 1982, as upon reargument of its motion for summary judgment dismissing the complaint, adhered to the original determination denying said motion. Order affirmed, insofar as appealed from, with costs. At approximately 2:30 A.M. on October 3, 1978, plaintiff Kathleen Flynn was walking between the sidewalk and the curb line on Jericho Turnpike, near Leonard Boulevard. She was walking toward her husband's parked car. As she approached the passenger door of the car, she tripped and fell over a metal traffic signpost which was lying in the sidewalk area, sustaining various physical injuries. The instant action followed, in which plaintiffs allege that defendants were negligent by allowing a metal traffic signpost to be left lying in the area between the curb line and the sidewalk. Special Term denied the defendant town's motion for summary judgment dismissing the complaint on the ground that the town had a duty to maintain the sidewalk adjacent to Jericho Turnpike, a State highway. After granting a motion for reargument, Special Term adhered to the original determination on the motion for summary judgment on the ground that prior written notice to the town of the fallen signpost was not required. We affirm. Special Term's original determination that the town had a duty to maintain the sidewalk adjacent to Jericho Turnpike was correct. First, the accident occurred within the sidewalk area, since it occurred in the portion of the street between the curb line and the adjacent property line intended for the use of pedestrians (Vehicle and Traffic Law, § 144). Second, since Jericho Turnpike in Nassau County is a State highway (Highway Law, § 341, subd 29), defendant town has a duty to maintain the sidewalk adjacent to it (Highway Law, § 140, subd 18; *Van Etten v State of New York,* 103 Misc 2d 487). Special Term's determination that prior written notice pursuant to subdivision 2 of section 65-a of the Town Law of the fallen signpost was not required was also correct. The statute requires prior written notice "of any defect in its sidewalks". The Court of Appeals, in *Doremus v Incorporated Vil. of Lynbrook* (18 NY2d 362, 366), a case involving a similar statute, section 341-a of the Village Law (now Village Law, § 6-628), stated that the statute "seems to refer to actual physical defects in the surface of a * * * sidewalk". It "refers to physical conditions in the streets or sidewalks and was an effort to exempt the villages from liability for holes and breaks of a kind which do not immediately come to the attention of the village officers unless they are given actual notice thereof" (*Doremus v Incorporated Vil. of Lynbrook, supra,* p 366). The court concluded that prior written notice of a defective stop sign was not required. Similarly subdivision 2 of section 65-a of the Town Law refers to actual physical defects in the surface of the sidewalk which would not immediately come to the attention of town officers unless they were given actual notice thereof. A fallen signpost lying in the sidewalk area does not constitute an actual physical defect in the surface of the sidewalk. Therefore, prior written notice of the fallen signpost was not required (cf. *Freeman v County of Nassau,* 95 AD2d 363, in which the applicable ordinance required prior written notice of sidewalk obstructions). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.