OPINION OF THE COURT
Harvey W. Sherman, J..
Ordered that this motion by third-party defendant and proposed main defendant, D.F.M. Electrical Construction, Inc., hereinafter referred to as D.F.M., seeking an order granting leave to renew and reargue said defendant’s motion for dismissal of plaintiff’s cause of action on the grounds that the same is time barred by the Statute of Limitations, and further requests this court enter an order dismissing the plaintiff’s complaint pursuant to CPLR 3211 (subd [a], par 5), is considered pursuant to the applicable rules and section of the CPLR and is decided as follows:
*332 Motion to renew and reargue the motion which was the basis for this court’s prior order, dated September 30,1983, is granted.
Upon renewal, reargument and reconsideration of third-party defendant’s motion this court strikes and vacates its previous order and enters the following order.
This is an action by the plaintiff as a result of an accident which occurred on November 30, 1979. The main action was commenced against the named defendants, We’re Associates, Inc., Structure Tone, Inc., and Dimension Ceilings, Inc., on or about September of 1980. Therefore, pursuant to CPLR 214, the Statute of Limitations in this action ran on November 30,1982. Third-party defendant, D.F.M., alleged in its original motion:
“That on or about October 20, 1982, a third-party action was commenced against d.f.m. electrical construction, inc., and issue was joined in this third-party action on or about May 23, 1983 * * *
“That on or about August 22, 1983, the plaintiff attempted to serve a supplemental summons and complaint as against the third-party defendant, d.f.m. electrical construction, inc., in an attempt to bring D.F.M. in as a named defendant in the main action”.
The third-party defendant, D.F.M., now alleges: “That an initial third-party action was commenced by we’re associates against the third-party defendant, d.f.m. electrical construction, inc., herein after referred to as D.F.M., by service upon Richard P. Willie, Sheriff of Palm Beach County, Florida, some time in the year 1983.”
This changed allegation as to the service of the third-party complaint is crucial to a decision of this matter.
It is not disputed that on or about August 22,1983, more than nine months after the expiration of the Statute of Limitations, the plaintiff attempted to serve a supplemental summons and complaint as against the third-party defendant D.F.M. in an attempt to bring D.F.M. in as a named defendant in the main action.
In this regard, CPLR 203 (subd [e]) provides as follows: “(e) Claim in amended pleading. A claim asserted in an amended pleading is deemed to have been interposed at the *333 time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
The third-party defendant, D.F.M., concludes that “where a plaintiff amends his complaint to include a third-party defendant as a named defendant following this expiration of the three year statute of limitations, such plaintiff was in effect seeking to state a new cause of action as against the third-party defendant and as such, such action was barred by the Statute of Limitations.”
Until recent years there has been a profound reluctance in New York case law to permit an amended pleading to relate back, for purposes of the Statute of Limitations, to a point before the new party was joined. (See McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:ll, p 45, 1983-1984 Pocket Part; and see Practice Commentaries, CPLR C203:ll, p 124). Since 1966, the leading case on the subject has been Trybus v Nipark Realty Corp. (26 AD2d 563, 564) which stated: “the claim sought to be asserted in the proposed amended complaint did not relate back to the date of service of the original complaint, pursuant to CPLR 203 (subd. [e]), since the original pleading did not give notice to appellant ‘of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading’.”
However, the Appellate Division, Fourth Department, has reached a different conclusion, holding that CPLR 203 (subd [e]) does apply so as to cause plaintiff’s amended complaint for the first time alleging a direct claim against the third-party defendants to relate back at least to the date of the service of the third-party complaint. (Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55, 60.)
The Appellate Division, First Department, has recently followed the rationale espoused by the Fourth Department in a recent matter (Holst v Edinger, 93 AD2d 313, 315-316) in which the court stated:
*334 “However, we think the statute should be applicable so as to deem plaintiffs’ claim against the third-party defendants to have been interposed at the time the third-party complaint was served. At that time, the third-party defendants had full notice of the transactions to be proved. Although the original complaint said that the accident was caused solely by the negligence of the original defendants, there was no real specification of the nature of the negligence; the third-party complaint alleged that the accident was caused by the third-party defendants’ negligence; and thus, the third-party defendants had full notice at that time that their negligence was in issue. Further, at the time the third-party complaint was served, the original complaint also had to be served upon the third-party defendants. (CPLR 1007.) And the third-party defendants served and were required to serve their answer on the plaintiffs. (CPLR 2103, subd [e].)
“Thus, from the time of the service of the third-party complaint, the third-party defendants were fully parties to the action with full notice that they may ultimately be charged with the complete liability. In the circumstances, we think that it is desirable to permit the plaintiffs’ amended complaint as against the third-party defendants to relate back at least to the time of the service of the third-party complaint, thus enabling the court to render complete justice among all the parties.”
However, the Appellate Division, Third Department, has consistently followed the Trybus rule of the Second Department. (See Knorr v City of Albany, 58 AD2d 904.) The Third Department has held that CPLR 203 (subd [e]) clearly required that the relation back shall be to the time the claims in the original pleadings were interposed and at that time the third-party defendant did not have notice of the transaction or occurrences to be proved pursuant to the amended pleading. (Village of St. Johnsville v Travelers Ind. Co., 93 AD2d 932.)
Finally, the Second Department, as noted by Professor McLaughlin (op. cit., p 45,1983-1984 Pocket Part), “may be prepared to overrule Trybus. In Brock v. Bau, 1981, 83 A.D. 2d 61, 443 N.Y.S. 2d 407, that court in a lengthy footnote discussed this problem and suggested that in an appropriate case it may be prepared to overrule Trybus.”
*335 In Brock {supra, p 69) the court adopted the three-pronged standard applicable in the Federal courts (Fed Rules of Civ Pro, rule 15, subd [c]): “Pursuant thereto, the claim asserted against a new party will relate back to the date upon which plaintiff’s claim was previously interposed against the original named defendant despite the fact that the former was not named in the process served upon the latter only if (1) both claims arose out of the same conduct, transaction or occurrence (cf. CPLR 203, subd [e]), (2) the new party is ‘united in interest’ with the original defendant, and by reason of that relationship he can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits (see Ann., 11 ALR Fed 269) and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.”
In Connell v Hayden (83 AB2d 30, 41), the Second Department followed similar rationale: “The united in interest language of CPLR 203 creates an exception to the forgoing rule. Where a defendant is served late, the plaintiff’s claim will nevertheless be deemed interposed against him as of the earlier date upon which a codefendant united in interest with him was timely served and the Statute of Limitations will not constitute a bar to the action. The rationale behind this exception is that where the two defendants are united in interest their defenses will be the same and they will either stand or fall together with respect to plaintiff’s claim. Timely service upon one of two such defendants gives sufficient notice to enable him to investigate all the defenses which are available to both defendants within the period limitations.”
In this instant case, there has been no allegation as to “unity of interest” so the three-pronged test adopted in Brock {supra) as to excusable neglect in bringing suit against an additional third party has no bearing here. Since the Second Department’s holding in Brock, the court has not faced the issue squarely. The court has ruled that where a plaintiff has served the notice of motion and proposed amended complaint upon a third-party defendant *336 prior to the expiration of the three-year Statute of Limitations the cause of action was timely interposed. (Allstate Ins. Co. v Emsco Homes, 93 AD2d 874.) However, the court has ruled that where the proposed amended complaint was contained in a surreply which was not sent to the new proposed defendant (where there was no third-party claim) until after the Statute of Limitations had expired, the new cause of action was denied untimely. (Gagliardi v New York City Housing Auth., 88 AD2d 610.) The above rationale is consistent with the policy that where service of third-party pleadings does not take place until after the running of the Statute of Limitations, said proposed defendant cannot be said to have received timely notice of the occurrences and transactions upon which plaintiff’s claim is based. (See McCabe v Queensboro Farm Prods., 15 AD2d 553, affd 11 NY2d 963; see, also, Kircher v Ripton, 119 Misc 2d 364.)
Upon careful consideration of all of the above-mentioned opinions, with particular attention paid to the lengthy footnote in Brock v Bau (supra) and the recent case law emanating from the First and Fourth Departments, it is the opinion of this court that the statute in question should be read as to permit the plaintiff’s amended complaint as against the third-party defendant to relate back to the time of service of the third-party complaint. Said third-party defendant has full notice at that time that its negligence was in issue. The problem now to be resolved is whether or not the third-party complaint was served before the applicable Statute of Limitations has run. The third-party complaint is dated October 20, 1982 but this court cannot ascertain the actual date of service of the third-party complaint upon said third-party defendant D.F.M. Whether or not said service was accomplished before November 30, 1982 is now the control issue to be resolved. To that end this court will conduct a hearing solely addressed to that issue and no other. Accordingly, a hearing will be held on January 26,1984 before me at the Criminal Courts Building, third floor, Riverhead, New York, at 10:00 a.m. Of course the parties, at any time prior to the return date, can offer to this court, in lieu of said hearing, a written stipulation as to the date of service of the third-party complaint, if such action is feasible.