■ CARMEN VELEZ, as Administratrix of the Estate of JULIO VELEZ, Deceased, Respondent, v MORRIS SPRINGER, Defendant, and ABRAHAM BERENS, Appellant. — In a medical malpractice action, defendant Berens appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Composto, J.), dated June 28, 1983, as, upon his motion for renewal, adhered to so much of its prior order as, upon granting his motion for summary judgment dismissing plaintiff's cause of action for damages for wrongful death against him, did so without prejudice to a proper application by plaintiff for leave to serve an amended complaint asserting the same cause of action; and (2) from an order of the same court, dated August 2, 1983, which granted plaintiff's motion for leave to serve an amended complaint asserting the cause of action. ¶ Order dated June 28, 1983, reversed insofar as appealed from, on the law, and appellant's motion for summary judgment dismissing the cause of action for wrongful death granted unconditionally as to him. ¶ Order dated August 2, 1983, reversed, on the law, and motion for leave to serve an amended complaint denied. ¶ Appellant is awarded one bill of costs. ¶ The complaint in this medical malpractice action originally asserted three causes of action against the defendant physicians: (1) for personal injuries to the decedent; (2) for wrongful death; and (3) for loss of consortium. After issue had been joined, the defendants moved for summary judgment dismissing the action for lack of jurisdiction on the ground that they had not been properly served. Trial Term denied the motion, after a traverse hearing, upon determining that jurisdiction over defendant Berens had been obtained on January 3, 1979. Defendant Berens, the appellant, then moved for summary judgment dismissing the second cause of action, for wrongful death, as time barred. Appellant argued that since decedent had died on August 29, 1976, the two-year Statute of Limitations in wrongful death actions (EPTL 5-4.1) had run by the time service was completed. Special Term granted the motion, but did so without

prejudice to a subsequent application by plaintiff to amend the complaint to reassert the cause of action which was being dismissed. No appeal was taken from that order. ¶ Plaintiff then moved before the same court for leave to amend the complaint to include the cause of action for wrongful death. Appellant opposed the motion, arguing that the amendment could not make timely that which was previously held to be time barred, and cross-moved for reargument of the prior motion. The court deemed the motion to be for renewal and, upon renewal, adhered to its prior determination. It denied leave to amend, however, on the ground that no affidavit of merit had been included with the moving papers. Plaintiff subsequently moved again for leave to amend, this time upon proper papers, and the motion was granted. ¶ There can be no question that an amendment of a complaint to assert a cause of action for wrongful death, based upon the same acts which have already occasioned a pending personal injury action, will be within the "relation back" provisions of CPLR 203 (subd [e]) (see *Caffaro v Trayna,* 35 NY2d 245, 250). As such, the additional cause of action will be "deemed to have been interposed at the time the claims in the original pleading were interposed" (CPLR 203, subd [e]), which in this case has been determined to have been on January 3, 1979. Accordingly, the cause of action added by amendment is deemed interposed on that date. Plaintiff's decedent, however, died on August 20, 1976, more than two years prior to interposition of the claim. The cause of action for wrongful death is, therefore, barred by the Statute of Limitations (EPTL 5-4.1). ¶ Although the original decision to permit plaintiff to seek leave to assert the wrongful death action by amendment is not before us, Special Term, upon renewal, should have vacated that part of its previous order. This is not a situation where a pending personal injury action had been commenced within the time in which to bring a wrongful death action (see, e.g., *Vastola v Maer,* 39 NY2d 1019; *Caffaro v Trayna, supra*). In these circumstances, the relation back of the amendment to the pleading could not make timely an action which was otherwise time barred. Accordingly, the subsequent motion for leave to amend should have been denied. Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.