■ FARGO EQUIPMENT Co., INC., Plaintiff, v CARBORUNDUM COMPANY, Respondent, and AJAX ELECTRIC MOTOR CORP. et al., Appellants. (And a Third-Party Action.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff Fargo Equipment Co., Inc. (Fargo), sued defendant Carborundum Company (Carborundum) for payments allegedly due on the rental and repair of a compressor

which Fargo sold to Carborundum in 1977. Carborundum asserted a counterclaim against Fargo alleging negligence, strict products liability, breach of express and implied warranties and breach of contract. ¶ Fargo subsequently commenced a third-party action against third-party defendants Ajax Electric Motor Corp. (Ajax) and Reliance Electric Company, Inc. (Reliance), the manufacturer and distributor of the compressor motor and against third-party defendant Buffalo Electric Co., Inc. (Buffalo Electric), the authorized service agent of Ajax and Reliance, who repaired the compressor when it failed to operate in January, February and August of 1978. In its third-party action, Fargo sought indemnification and contribution based upon causes of action for negligence, strict products liability and breach of express and implied warranties. Fargo served its third-party complaint on Ajax on February 20, 1981, on Reliance on February 23, 1981 and on Buffalo Electric on March 3, 1981. ¶ Carborundum then moved for leave to serve its own counterclaims directly against Ajax and Reliance for negligence, strict products liability and breach of express and implied warranties and against Buffalo Electric for negligence, breach of contract and breach of express and implied warranties. ¶ Special Term erred in granting the motion in its entirety. The breach of warranty claims against each third-party defendant are legally insufficient for lack of privity. Since only Fargo and Carborundum were parties to the sale of the compressor, the warranty claims for property damage against Ajax, Reliance and Buffalo Electric should not have been permitted (see *Martin v Dierck Equip. Co.,* 43 NY2d 583; *Manufacturers & Traders Trust Co. v Stone Conveyor,* 91 AD2d 849, 850). ¶ Special Term erred in permitting Carborundum's negligence claim against Buffalo Electric. Carborundum's proposed pleading alleged repairs by Buffalo Electric on January 6, 1978 and February 22, 1978. Since Buffalo Electric was not made a third-party defendant until March 3, 1981, the negligence claim is time barred (see CPLR 214, subd 4). ¶ Special Term erred in permitting Carborundum's claim for strict products liability against Reliance and Ajax. It is now settled that a cause of action based on strict liability does not lie where the alleged defect in the product results only in economic loss other than physical damage to persons or property (see *Schiavone Constr. Co. v Mayo Corp.,* 56 NY2d 667, revg for reasons stated in dissenting opn of Silverman, J., at 81 AD2d 221, 227-234). Here Carborundum alleged in its proposed pleading that it sustained damages for the repair and loss of profits caused by the failure of the compressor. This is purely economic loss for which a cause of action in strict liability will not lie. ¶ Special Term properly permitted Carborundum leave to assert its remaining claims against each third-party defendant by application of the relation-back doctrine (see CPLR 203, subd [e]). Assuming that the last failure of the compressor, i.e., the date of injury, occurred in August, 1978 as Carborundum alleged in its proposed pleadings (see *Citibank v Suthers,* 68 AD2d 790, 795-796; *De Forte v Allstate Ins. Co.,* 66 AD2d 1028), Carborundum's causes of action for negligence were timely (see CPLR 214, subd 4). The third-party defendants were served no later than March, 1981, the date the claims are deemed to have been interposed (see *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 60, citing *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 54 AD2d 820; cf. *Village of St. Johnsville v Travelers Ind. Co.,* 93 AD2d 932, 933; *Allstate Ins. Co. v Emsco Homes,* 93 AD2d 874, 875, app dsmd 60 NY2d 644). ¶ Accordingly, the order of Special Term is modified by denying Carborundum leave to serve its proposed amended pleading to the extent it asserts breach of warranty and strict products liability against Ajax and Reliance and to the extent it asserts breach of warranty and negligence against Buffalo Electric (see CPLR 3025, subd [b]; *Murray v City of New York,* 43 NY2d 400; *Andersen v University of Rochester,* 91 AD2d 851, app dsmd 59 NY2d 968). (Appeal from

order of Supreme Court, Niagara County, McGowan, J. — amend answer and complaint.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.