■ CELIA DUFFY, Individually and as Executrix of JOSEPH DUFFY, Deceased, Appellant, v HORTON MEMORIAL HOSPITAL et al., Defendants and Third-Party Plaintiffs-Appellants. JEANNE GREENBERG et al., as Executrices of ISIDORE GREENBERG, Deceased, Third-Party Defendants-Respondents. — Harvey, J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered January 3, 1984 in Sullivan County, which granted third-party defendant's motion for reargument and denied plaintiff leave to serve an amended complaint.

In August 1979, plaintiff and her husband commenced a medical malpractice action alleging that defendants had failed to properly diagnose the husband's lung cancer. He died in May 1981 as a result of that condition and Special Term approved an amendment of the complaint to include an action for wrongful death. In June 1981, defendants commenced a third-party action against Dr. Isidore Greenberg.

In November 1982, plaintiff was granted permission to amend her complaint to assert a direct cause of action against third-party defendant, who opposed the motion. Third-party defendant moved for reargument, following which Special Term vacated its prior order and denied plaintiff leave to serve an amended complaint on third-party defendant. This appeal ensued.[*]

This court's decision in *Village of St. Johnsville v Travelers Indem. Co.* (93 AD2d 932) was handed down shortly after Special Term had granted plaintiff leave to serve an amended complaint on third-party defendant. Since the holding in *St. Johnsville* would have necessitated a reversal of Special Term's order, it was a provident exercise of discretion to entertain third-party defendant's belated motion for reargument (*Foley v Roche,* 86 AD2d 887, *lv denied* 56 NY2d 507; *Fitzpatrick v Cook,* 58 AD2d 642). A motion for reargument is addressed to the court's discretion and enables a party to alert the court to the fact that it may have misapplied a legal principle. Thus, reargument is properly permitted in the instant case (CPLR 2221; *Flynn v Town of N. Hempstead,* 114 Misc 2d 125, 126, *affd* 97 AD2d 430).

As we noted in *St. Johnsville,* this court is not of the view that the relation back provision contained in CPLR 203 (e) permits a plaintiff to impose a direct claim against third-party defendant by considering the date that third-party defendant was impleaded as the applicable date of reference. A claim asserted in the amended pleading is deemed to have been interposed at the

---

[*] Subsequent to the order of Special Term being appealed, Dr. Greenberg died and the executrices of her estate have been substituted as third-party defendants.

time the claims in the *original pleading* were interposed (CPLR 203 [e]). We continue to hold to the view that courts are not authorized to permit plaintiff to assert an otherwise time-barred claim in an amended pleading by considering the date that a third-party defendant was impleaded as being "the time the claims in the original pleading were interposed" (CPLR 203 [e]; *cf. Velez v Springer,* 102 AD2d 823). On reargument, Special Term properly vacated its prior order and denied plaintiff leave to serve an amended complaint on third-party defendant (*Village of St. Johnsville v Travelers Indem. Co., supra,* p 933; *Knorr v City of Albany,* 58 AD2d 904).

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.