Vito Cucuzza, Appellant, v Frank A. Vaccaro, P. E., Defendant and Third-Party Plaintiff. Robert Beuthe, Doing Business as Beuthe Excavating, Third-Party Defendant-Respondent.

Second Department, June 10, 1985

**APPEARANCES OF COUNSEL**

*Dorfman & Bloom (Jack H. Dorfman* of counsel), for appellant.

*Composto & Longo (Frank A. Composto* of counsel), for third-party defendant-respondent.

**OPINION OF THE COURT**

Lawrence, J.

The instant appeal presents the issue of whether a plaintiff's direct claim against a third-party defendant should be deemed

to relate back to the date of service of the third-party complaint pursuant to CPLR 203 (e) for purposes of determining the timeliness of the claim. We start with a brief review of the facts.

On or about June 13, 1979, the plaintiff Vito Cucuzza commenced the instant action by serving the defendant Frank A. Vaccaro, P. E., with a summons and complaint, naming him as the only defendant. The complaint alleged, in relevant part, that in or about April 1977, the plaintiff had hired the defendant to arrange for the demolition of three buildings owned by the plaintiff. Plaintiff claimed he had sustained damages because the "defendant and/or his agents, servants or employees" had negligently performed the demolition work, which began in 1978.

On or about August 20, 1979, the defendant served upon both the plaintiff and the third-party defendant Robert Beuthe, doing business as Beuthe Excavating, an answer to the plaintiff's complaint and a third-party complaint (one document). Defendant alleged, in pertinent part, that the third-party defendant had done the actual demolition work referred to in the plaintiff's complaint and that "[t]he negligence and tortious acts, if any, alleged in plaintiff's complaint were committed by the third party defendant, without contribution on the part of [defendant] third party plaintiff". Issue was joined in the third-party action on or about February 27, 1980, when the third-party defendant served an answer to the third-party complaint. On or about the same day, the third-party defendant served an answer to the plaintiff's complaint, which pleading had been served upon him by defendant in accordance with CPLR 1007.

On or about May 26, 1983, after the expiration of the period of limitation within which the plaintiff could have timely commenced an independent action against the third-party defendant (see, CPLR 214 [4]) or could have amended the complaint without leave of court (CPLR 1009), the plaintiff moved for leave to serve a proposed amended complaint upon the third-party defendant to assert a direct claim against him.

Special Term denied the plaintiff's motion, stating: "Plaintiff's proposed cause of action in negligence against Beuthe is barred by the three-year Statute of Limitations. CPLR 214 (4). It is well settled that CPLR 203 (e) cannot be imposed to relate plaintiff's claim back to the time of service of the original complaint upon defendant Frank A. Vaccaro, P.E., since it did not give notice to the third-party defendant of the transactions, occurrences, or series of transactions or occurrences, to be

proved pursuant to the amended pleading. *Trybus v Nipark Realty Corp.,* 26 AD2d 563 (2d Dept.) The Court held in *Trybus* that the 'relation-back' doctrine of CPLR 203 (e) is inapplicable since the effect would be to state a new cause of action barred by the Statute of Limitations (*Trybus v Nipark Realty Corp., supra,* at 564) and because notice to defendant Vaccaro of the transactions or occurrences to be proven cannot be automatically imputed to third-party defendant Beuthe. *Brock v Bua,* 83 AD2d 61, 65 (2d Dept.)".

On this appeal, the plaintiff now asks us to consider his argument, which Special Term rejected *sub silentio,* that his direct claim against the third-party defendant was not barred by the Statute of Limitations, since, pursuant to CPLR 203 (e), the claim should be deemed to relate back to the date the third-party complaint was served upon the third-party defendant, which service was within the applicable period of limitation.

Special Term, in denying the plaintiff's application, relied upon our decisions in *Trybus v Nipark Realty Corp.* (26 AD2d 563) and *Brock v Bua* (83 AD2d 61). However, the plaintiff's contention was not specifically raised or considered in *Trybus v Nipark Realty Corp. (supra)* by either the majority or dissent, or by the court in *Brock v Bua (supra,* at p 65, n), which case did not involve third-party practice. Nor was the issue considered in *Allstate Ins. Co. v EMSCO Homes* (93 AD2d 874, *appeal dismissed* 60 NY2d 644), wherein the plaintiff sought to amend its complaint prior to the expiration of the applicable Statute of Limitations. Therefore, contrary to our dissenting colleague's position, we are not bound "under principles of stare decisis" to hold that CPLR 203 (3) is inapplicable to the plaintiff's argument asserted herein.

CPLR 203 (e) provides as follows: "(e) Claim in amended pleading. A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."

We now hold that CPLR 203 (e) should be so construed as to allow the plaintiff's claim against the third-party defendant to relate back to the date of the service of the third-party complaint. Since the third-party complaint was served within the applicable period of limitation, dismissal of the plaintiff's claim against the third-party defendant on the ground of the Statute of

Limitations is precluded (*see, Holst v Edinger,* 93 AD2d 313, 315-316 [1st Dept]; *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 60 [4th Dept]).*

The interpretation we have placed on CPLR 203 (e) is consistent with the principle laid down by the Court of Appeals in *Dole v Dow Chem. Co.* (30 NY2d 143), that responsibility for damage to injured persons should be borne by those parties responsible for the injury, and as conceded by our dissenting colleague, is consistent with the purpose of the Statute of Limitations. As our former colleague, the late Justice Vincent D. Damiani, pointed out in *Connell v Hayden* (83 AD2d 30), the primary purpose of a Statute of Limitations is to compel the exercise of a right of action within a reasonable time so that the defendant will have a fair opportunity to prepare an adequate defense free of the attendant prejudices occasioned by inordinate delay.

In the instant case, the third-party defendant received actual notice of the occurrences to be proved under the plaintiff's proposed amended complaint within the statutory period of limitation for bringing an independent action against him. By the service of the third-party complaint together with the original complaint (CPLR 1007), the third-party defendant became fully aware that his alleged negligence was in issue. In addition, he answered both the original complaint, as well as the third-party complaint and had an opportunity to participate in all pretrial proceedings. Thus, from the time of the service of the third-party complaint, the third-party defendant was fully a party to this action with clear notice of the allegations charging him with ultimate liability (*see, Holst v Edinger, supra,* at pp 315-316). The third-party defendant's claim of prejudice with respect to his preparation of a proper and adequate defense is therefore unavailing.

Finally, with respect to the third-party defendant's claim of laches based upon the plaintiff's delay in seeking leave to serve an amended complaint, we note that CPLR 3025 (b) provides that leave to serve amended pleadings "shall be freely given upon such terms as may be just including the granting of costs and continuances". In the instant case, we find no reason not to apply this rule since the third-party defendant is in no worse position than he would have been if the plaintiff had amended

---

* The Third Department decisions of *Village of St. Johnsville v Travelers Indem. Co.* (93 AD2d 932) and *Knorr v City of Albany* (58 AD2d 904), which hold to the contrary, rely, in pertinent part, either upon *Trybus v Nipark Realty Corp.* (26 AD2d 563) and/or *Brock v Bua* (83 AD2d 61), which decisions, as noted, did not determine the specific issue now before us (*see also, Duffy v Horton Mem. Hosp.,* 109 AD2d 927).

his complaint within 20 days after service of the third-party complaint, which he was free to do without leave pursuant to CPLR 1009 (*see, Holst v Edinger, supra,* at p 316).

On the facts and circumstances herein, we deem it appropriate to permit the plaintiff to amend his complaint to assert a direct claim against the third-party defendant, "thus enabling the court to render complete justice among all the parties" (*Holst v Edinger, supra,* at p 316).

Accordingly, the order appealed from should be reversed and the plaintiff's motion for leave to serve an amended complaint should be granted.

BROWN, J. (dissenting). Although I am not unsympathetic with the result reached by the majority in its analysis of CPLR 203 (e), I must respectfully dissent on the ground that this court has consistently held that that provision of the statute does not permit a relation back of the date of interposition of a claim asserted in the amended pleading to the date that a third-party complaint was served (*Allstate Ins. Co. v EMSCO Homes,* 93 AD2d 874; *Trybus v Nipark Realty Corp.,* 26 AD2d 563). It is true, as has been previously acknowledged by this court (*see, Brock v Bua,* 83 AD2d 61, 65, n), that the construction placed upon the statute by the majority, which would allow the date of claim interposition to relate back to the date that the defendant served the third-party defendant with the third-party complaint, is consistent with the purposes of the Statute of Limitations. CPLR 203 (e) clearly states that: "A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." This court has, however, consistently concluded that this provision applies only to amended complaints asserting new claims against the original parties to the action and not to claims asserted against new parties for the first time in an amended complaint (*Allstate Ins. Co. v EMSCO Homes, supra; Trybus v Nipark Realty Corp., supra; see also, Brock v Bua, supra*).

The arguments presented by the majority in favor of extending the scope of the statute to cover the situation at bar were advanced in this court by Justice Hopkins in his dissent in *Trybus,* and were implicitly rejected by the majority of the court in that case. While the views expressed by Justice Hopkins form the theoretical basis for certain commentaries on the scope of

the statute (*see*, McLaughlin, Supplementary Practice Commentaries [1982, 1983] McKinney's Cons Laws of NY, Book 7B, CPLR C203:11, 1984-1985 Pocket Part, at 52-54), and have been adopted by two other Departments (*see, Holst v Edinger*, 93 AD2d 313 [1st Dept]; *Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55 [4th Dept]), this court and the Third Department (*see, Village of St. Johnsville v Travelers Indem. Co.*, 93 AD2d 932; *Knorr v City of Albany*, 58 AD2d 904) have consistently adhered to the position advanced in *Trybus* (*supra*). Indeed, in the recent case of *Duffy v Horton Mem. Hosp.* (109 AD2d 927), the Third Department stated: "[T]his court is not of the view that the relation back provision contained in CPLR 203 (e) permits a plaintiff to impose a direct claim against third-party defendant by considering the date that third-party defendant was impleaded as the applicable date of reference. A claim asserted in the amended pleading is deemed to have been interposed at the time the claims in the *original pleading* were interposed (CPLR 203 [e]). We continue to hold to the view that courts are not authorized to permit plaintiff to assert an otherwise time-barred claim in an amended pleading by considering the date that a third-party defendant was impleaded as being 'the time the claims in the original pleading were interposed' (CPLR 203 [3]; *cf. Velez v Springer*, 102 AD2d 823) * * * Special Term properly * * * denied plaintiff leave to serve an amended complaint on third-party defendant (*Village of St. Johnsville v Travelers Indem. Co., supra*, p 933; *Knorr v City of Albany*, 58 AD2d 904)".

Therefore, in my view, in the absence of any direction from the Court of Appeals on the issue, or an amendment of the statute by the Legislature, under principles of stare decisis this court is bound to adhere to its long-standing interpretation set forth in *Trybus* (*supra*) and is required to hold that the doctrine of relation back (CPLR 203 [e]) is inapplicable to claims asserted, as here, for the first time against a new party to the plaintiff's action.

Accordingly, I vote to affirm the order appealed from.

GIBBONS, J. P., and NIEHOFF, J., concur with LAWRENCE, J.; BROWN, J., dissents and votes to affirm the order appealed from, with an opinion.

Order of the Supreme Court, Richmond County, entered July 20, 1983, reversed, without costs or disbursements, and motion for leave to serve an amended complaint in the form annexed to plaintiff's moving papers, asserting a cause of action directly against the third-party defendant granted. Plaintiff's time to

serve his amended complaint is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry.